In re GENERAL ORDER GOVERNING DISMISSAL OF CASES AND IMPOSITION OF SANCTIONS FOR INCOMPLETE FILINGS (STANDING MOTION OF U.S. TRUSTEE TO DISMISS BANKRUPTCY CASES).

Bankruptcy No. 92–03 (W–B).

United States Bankruptcy Court,
M.D. Pennsylvania,
Wilkes–Barre Division.

July 7, 1997.

Gregory Lyons, Harrisburg, PA, for U.S. Trustee's Office.

Joseph Murray, Wilkes–Barre, PA, for objector.

## OPINION AND ORDER

JOHN J. THOMAS, Bankruptcy Judge.

On May 22, 1992, confronting a growing number of petitions not accompanied by the documentation required by 11 U.S.C. § 521(1), the Court and the Assistant United States Trustee for the district cooperated in a procedure, designed to expedite the movement of cases through the local bankruptcy system in the Wilkes–Barre Division of this district. In nominal compliance with the provisions of 11 U.S.C. §§ 707(a)(3), 1112(e), and 1307(c)(9), the Assistant United States Trustee filed a Motion for Entry of General Order Governing Dismissal of Cases and Imposition of Sanctions for Incomplete Filings, hereinafter "Standing Motion". This Motion requests the dismissal of any case, theretofore unfiled, where the documents required by 11 U.S.C. § 521(1) were not timely filed.

In response to the "Standing Motion", the Court issued a General Order Governing Dismissal of Cases and Imposition of Sanctions for Incomplete Filings, hereinafter "Standing Order", which would grant the "Standing Motion" in the absence of the timely filed documents in, as yet, unfiled cases.

As if in some conscience-clearing deference to the due process rights of the "respondents," the debtor who files a petition without the requisite schedules and statements is notified by the clerk of the existence of the "Standing Motion" and the "Standing Order" and is warned that dismissal will occur if the deficiencies are not corrected.

The process has, in fact, resulted in the movement of bankruptcy cases through the system and the "timely" dismissal of cases where supporting documents are not filed in accordance with 11 U.S.C. § 707(a)(3).[1]

Despite its effectiveness, or perhaps, because of it, the "Standing Motion" and the "Standing Order" have been challenged by a "Standing Objection" filed by chapter seven debtors, Bernard F. Herron, IV, and Albina P. Herron, Bankruptcy Case No. 5–96–00187, whose case was dismissed by this procedure.

The sarcasm associated with the use of the term "Standing Objection" has not escaped the Court and will provide the impetus to re-examine the propriety of the current procedure. 11 U.S.C. § 521(1) of the Bankruptcy Code requires a debtor to "(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs."

The failure to file these documents is addressed in 11 U.S.C. § 707(a)(3) of the Bankruptcy Code in the following manner:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—...

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commenc-

ing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

Congress has selected the United States Trustee as the designated monitor to insure compliance with the filing of 11 U.S.C. § 521(1) documents. The legislative history suggests an explanation in the following excerpt.

This amendment is intended to address a sense of growing frustration by members of the bankruptcy community, including some judges and trustees, that the amendments made in 1984 have not entirely fulfilled their promise in restoring balance in the area of consumer debt. Much of this frustration stems from the continuing high volume of chapter 7 filings by individuals. Due to demands on the courts' time of other more complex cases under other chapters, they are frequently unable to devote the degree of time and attention to chapter 7 consumer cases which might otherwise be desirable. As a result, *the impetus is on the trustee to assure that information required by the court to carry out its responsibilities is made available to it in a timely and efficient manner.* (Emphasis ours.)

132 Cong. Rec. § 5613–03 (daily ed. May, 8, 1986) (statement of Sen. Hatch).

Moreover, the decision to exclude the Court from supervising the timely filing of documents is consistent with the use of the phrase "notice and a hearing."

Notice and a hearing in bankruptcy parlance has a special meaning as set forth in 11 U.S.C. § 102(1):

In this title—

(1) "after notice and a hearing", or a similar phrase—

(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

---

1. While this opinion focuses on the provisions of 11 U.S.C. § 707(a)(3), similar language can be found in 11 U.S.C. §§ 1112(e) and 1307(c)(9).

(B) authorizes an act without an actual hearing if such notice is given properly and if—

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

The legislative history explains that:

[A] hearing will not be necessary in every instance. If there is no objection to the proposed action, the action may go ahead without court action. This is a significant change from present law, which requires the affirmative approval of the bankruptcy judge for almost every action. *The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy or reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection.* (Emphasis ours.)

S.Rep. No. 95–989, at 27 (1978), *reprinted in* Bkr–L Ed, LEGISLATIVE HISTORY § 83:5 and H.R.Rep. No. 95–595, at 315 (1977), *reprinted in* Bkr–L Ed, LEGISLATIVE HISTORY § 82:1.

To lend emphasis to the congressional intent to extricate the Court from administration, the legislative history concerning 11 U.S.C. § 102 indicates,

the phrase "on request of a party in interest" or a similar phrase, is used in connection with an action that the court may take in various sections of the Code. The phrase is intended to restrict the court from acting sua sponte. Rules of bankruptcy procedure or court decisions will determine who is a party in interest for the particular purposes of the provision in question, *but the court will not be permitted to act on its own.* (Emphasis ours.)

124 Cong. Rec. § 17406 (daily ed. October 6, 1978) (statement of Sen. DeConcinini); 124 Cong. Rec. HI 1090 (daily ed. September 28, 1978) (statement of Rep. Edwards); H.R. Rep. 95–595 at 549 (1977).

 Of course, a motion to dismiss pursuant to 11 U.S.C. § 707(a) is a contested matter which should be disposed of under Federal Rule of Bankruptcy Procedure 9014. Fed. R. Bankr.P. 1017(d), Bankruptcy Service, L.Ed. § 37:137. The motion should be served in accordance with Federal Rule of Bankruptcy Procedure 7004. Fed. R. Bankr.P. 9014. Moreover, motions filed under 11 U.S.C. § 707(a)(3) require not less than twenty days notice to the debtor, the trustee, all creditors and indenture trustees. Fed. R. Bankr.P.2002(a)(5).

Generally, the clerk's internal procedure provides that a "Notice of Intent to Dismiss Petition" be filed, alerting the debtor that the case would be dismissed in the absence of an order granting an extension to file necessary documents. Even if I were to reaffirm this existing procedure, I could not do so without acknowledging that the "Standing Motion" to dismiss, has not been served on either the debtor or the interim trustee.

In its supporting brief, the United States Trustee argues that, even in the absence of a motion, the Court can, sua sponte, dismiss a case for failure to file required schedules and statements, citing, for authority, *In re Orr,* 170 B.R. 395, 398 (E.D.Mo.1994) and *In re Greene,* 127 B.R. 805, 807–08 (Bankr. N.D.Ohio 1991). The authority for such a position is grounded in 11 U.S.C. § 105(a), which provides:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The second sentence of 11 U.S.C. § 105(a) was added to the Code by the bankruptcy amendments of 1986 in response to the decision in *In re Gusam Restaurant Corp.,* 737 F.2d 274 (2d Cir.1984), which concluded that a bankruptcy administrator was not a party in interest with standing to initiate a dismissal request under 11 U.S.C. § 1112(b) as then set forth. See footnote 1. *The United States Trustee System: Hearings on S1961*

944

Before the Subcommittee on Courts of the Senate Committee on the Judiciary, 99th Cong. 109 (1986) U.S. District Judge Robert E. DeMascio, Chairman of the Judicial Conference's Committee on the Administration of the Bankruptcy System.

I find the amendment does not alter the provisions of 11 U.S.C. § 707(a)(3). If this was Congress' intent, it would have done so with the same specificity utilized in subsection *b* of 11 U.S.C. § 707 wherein it is stated, "After notice and a hearing, the court, on its own motion or on a motion by the United States trustee...." Furthermore, our circuit's position dictates that a statutory limitation on the ability of an entity to file a dismissal motion in bankruptcy should be enforced by the court where there is no contrary legislative history. *In re Christian,* 804 F.2d 46, 48 (3rd Cir.1986).

■ "Our individual appraisal of the wisdom or unwisdom of a particular course consciously selected by the Congress is to be put aside in the process of interpreting a statute. Once the meaning of an enactment is discerned and its constitutionality determined, the judicial process comes to an end." *TVA v. Hill,* 437 U.S. 153, 194, 98 S.Ct. 2279, 2301, 57 L.Ed.2d 117 (1978).

■ Indeed, it would be ironic if a section of the Bankruptcy Code, empowering the Court to issue orders necessary to carry out the provisions of the Code, was interpreted in such a manner as to contradict the specific codified mandate that 11 U.S.C. § 707(a)(3) motions could be filed only by the United States Trustee. I decline to fuel such absurdity. "If Congress has mistakenly disguised its actual intent by incorporating language pointing in a different direction, it is not up to us to rewrite the statute unless, perhaps, a literal reading produces a truly absurd result." *Napotnik v. Equibank & Parkvale Savings Ass'n,* 679 F.2d 316, 321 (3rd Cir.1982).

The "Standing Objection" is sustained and the "Standing Order" of May 22, 1992 is nullified as to all pending and future cases.