**In re David Richard CAMPBELL, Brenda Licille Campbell, Debtors.**

**No. 01–13457.**

United States Bankruptcy Court, W.D. Arkansas, Harrison Division.

Sept. 14, 2001.

Jay Miner, Rogers, AR, for debtors.

David D. Coop, North Little Rock, AR, Chapter 13 Trustee.

## ORDER

ROBERT F. FUSSELL, Bankruptcy Judge.

On August 21, 2001, the Court entered its "Order Regarding Deficiencies" in the above captioned case. The debtors were ordered to file the following documents within 15 days, or file a motion for extension of time within 15 days, or the case would be dismissed:

Summary of Schedules,

Schedules A through J,

Unsworn Declaration Under Penalty of Perjury,

Statement of Financial Affairs,

Attorney Disclosure of Compensation,

Chapter 13 Narrative of Plan, and Notice of Opportunity to Object.

A review of the Court's file shows that the debtors did not file any of the required documents, nor did they file a motion for extension of time to file the documents within the allowed 15 days. Typically, when the debtor disregards the Order Regarding Deficiencies, the Clerk of the Court certifies to the Court that the documents were not timely filed, and the Court dismisses the case without prejudice. However, in this particular case, for the reasons stated below the Court finds that not only should this case be dismissed, it should be dismissed with prejudice.

A review of the Court files reveals that this is the third chapter 13 bankruptcy petition the debtors have filed within the past five months. On April 19, 2001, the debtors filed their first petition—case number 01–13226. On April 20, 2001, the Court entered its "Order Regarding Deficiencies," allowing the debtors 15 days within which to file their missing documents. The missing documents were the same ones listed above, plus a Statement of Intentions. Eighteen days later, on May 8, 2001, the Court entered its "Certification of Clerk and Order of Dismissal for Failure to Timely File Schedules." The next day, on May 9, 2001, the debtors filed a "Motion to Extend Time," in which they stated they had not yet received arrearage figures relating to the primary mortgage on their home and needed more time. On May 29, 2001, the debtors filed a "Motion to Vacate Previous Order of Dismissal and Reinstate the Debtor's Case," in which they stated they "have completed their plan and schedules with this motion." However, neither the plan or the schedules were attached to the motion. Finally, on July 6, 2001, the debtors filed a "Motion to Withdraw Motion to Vacate Previous Order of Dismissal and Reinstate the Debt-or's Case," which this Court granted September 13, 2001. The reason given by the debtors to withdraw their previous motion to vacate was that they had filed a new petition, and no longer wished the first case reopened.

On June 12, 2001, the debtors filed their second petition—case number 01–13338. Also on June 12, 2001, the Court entered its "Order Regarding Deficiencies," allowing the debtors 15 days within which to file their missing documents. The missing documents were the same ones listed at the beginning of this order. On June 27, 2001, the debtors filed a "Motion to Extend Time," in which they again stated they had not yet received arrearage figures relating to their real property. The Court granted the debtors' motion and allowed them until July 16, 2001 to file the missing documents. On July 24, 2001, creditor Oakwood Acceptance Corporation filed its "Motion for Relief From the Automatic Stay and For Abandonment of Collateral, or Alternatively, for Adequate Protection Payment, or Dismissal" relating to a manufactured home. Because the debtors failed to file the missing documents, on August 6, 2001, the Court entered its "Certification of Clerk and Order of Dismissal for Failure to Timely File Schedules." The case was dismissed before the Court heard Oakwood Acceptance Corporation's motion for relief from stay.

On August 21, 2001, the debtors filed their third petition, which commenced the above captioned case. Also on August 21, 2001, the Court entered its "Order Regarding Deficiencies," allowing the debtors 15 days within which to file their missing documents. The missing documents were the same ones listed at the beginning of this order. As noted above, the debtors have failed to file any of the required documents or a plan within the 15 days.

■ The time limits imposed by Federal Rules of Bankruptcy Procedure 1007 and 3015 are mandatory. Rule 1007 provides that if the schedules and statements are not filed with the bankruptcy petition in a voluntary case, the schedules and statements must be filed within 15 days thereafter. The rule also provides that any extension of time for filing may be granted only for cause and after notice. Fed. R. Bankr.P. 1007; *In re Welling,* 102 B.R. 720, 722 (Bankr.S.D.Iowa 1989). Rule 3015 provides that the chapter 13 plan may be filed with the petition. If the plan is not filed with the petition, it shall be filed within 15 days thereafter. Again, any extension of time for filing the plan may be granted only for cause and after notice. Fed. R. Bankr.P. 3015; *Welling,* 102 B.R. at 722.

■ Until the plan and schedules are filed, creditors have no way of determining the treatment of their debt under the plan. The bankruptcy rules are designed to require debtors to prosecute their cases diligently in exchange for creditors being required to adhere to the automatic stay provisions of the code. *In re Greene,* 127 B.R. 805, 806 (Bankr.N.D.Ohio 1991). In this case, at least one creditor, Oakwood Acceptance Corporation, has been subjected to the automatic stay since April 19, 2001. The serial filings of the debtors have effectively prevented the creditor from taking any action to collect its debt; and without a plan, schedules, and statements, the creditor does not know how the debtor proposes to reorganize and pay the creditor's debt.

■ According to the bankruptcy code, the bankruptcy court

> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). This section of the code makes clear the Court's power to act sua sponte in matters of this sort. *Greene,* 127 B.R. at 807–08 (discussing implementation of 11 U.S.C. § 105 and the 1986 amendments to this code section); *see also Clinton State Bank v. Ward (In re Ward),* 78 B.R. 914, 916 (Bankr.E.D.Ark.1987) (holding that under § 105(a) bankruptcy court can dismiss chapter 13 case sua sponte).

■ After a review of the petitions and case files of the debtors' three cases, it is clear to the Court that the debtors have no intention of filing a plan of reorganization. They stated in their motion to vacate the previous order of dismissal in their first case that they had completed their plan and schedules, yet they failed to attach the documents to the pleading. If, in fact, the plan and schedules were completed, it would have been a simple matter for the debtors to include the completed plan with their second or third filing. The Court has ordered the debtors to file the listed documents three times, and three times the debtors have failed and refused to do so. The evidence before the Court clearly supports a finding that the case should be dismissed for abuse of process.

Further, the Court finds that the case should be dismissed with prejudice pursuant to 11 U.S.C. § 109(g)(1). Section 109(g)(1) permits a dismissal with prejudice for willful failure of the debtor to abide by orders of the court. Willful conduct is defined as:

> "Intentional, knowing and voluntary, as opposed to conduct which is accidental

or beyond the person's control. A willful failure to do a required act necessitates a showing that the person, with notice of their responsibility, intentionally disregarded it or demonstrated 'plain indifference.' "

*Welling,* 102 B.R. at 723 (quoting *In re Ellis,* 48 B.R. 178, 179 (Bankr.E.D.N.Y. 1985)). When a case is dismissed with prejudice under § 109(g), the debtors may not be debtors under Title 11 for a period of 180 days from the date of the order. The debtors' conduct and multiple filings display an intentional and voluntary disregard of this Court's orders and the bankruptcy code and rules.

For the reasons stated above, the Court dismisses this case with prejudice. This dismissal prevents the debtors, either individually or jointly, from refilling a bankruptcy case under any chapter for a period of 180 days from the date of this order.

IT IS SO ORDERED.