**In re Jeffrey TENNANT, Debtor.**

**Jeffrey Tennant, Appellant,**

v.

**Elizabeth F. Rojas, Chapter 13 Trustee, Appellee.**

**BAP No. CC–04–1119–MoPB.**

**Bankruptcy No. ND 04–10081–RR.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on Oct. 20, 2004.

Filed Dec. 10, 2004.

Janet A. Lawson, Oxnard, CA, for Jeffrey Tennant.

Before MONTALI, PERRIS and BRANDT, Bankruptcy Judges.

### *OPINION*

MONTALI, Bankruptcy Judge.

Appellant and debtor Jeffrey Tennant ("Debtor") appeals from the bankruptcy court's order denying his motion to vacate the dismissal of his Chapter 13 case. The court originally dismissed Debtor's Chapter 13 case sua sponte because he did not comply with Rule 1007(c) [1], requiring the

---

**1.** Unless otherwise indicated, all chapter, sec- tion and rule references are to the Bankrupt-

filing of his statement of financial affairs within 15 days after the commencement of his case, and barred Debtor for 180 days from refiling another bankruptcy petition pursuant to Section 109(g)(1). Debtor contends that the court, following its local rule, automatically dismissed his case and imposed the sanction under Section 109(g)(1) without sufficient evidence of willful failure to comply with an order of the court. He argues that Sections 1307(c)(9) and 109(g)(1) and Rule 1017(c) require a proper motion served by the United States trustee and a hearing before his case could be dismissed, and he requests that we invalidate Local Bankruptcy Rule 3015(b)–1.

Although we have serious doubts whether Debtor could be barred by Section 109(g)(1) from refiling another petition in the absence of a finding of willful failure, we AFFIRM the bankruptcy court's order denying Debtor's motion to vacate the dismissal. The bankruptcy court itself lifted the bar against refiling pursuant to Section 109(g)(1) in the order on appeal and Debtor did not timely appeal the bankruptcy court's earlier order dismissing his Chapter 13 case with a refiling bar. Furthermore, the court's denial of Debtor's motion

to vacate the dismissal was not an abuse of discretion.

## I. STATEMENTS OF FACTS

On January 13, 2004, Debtor filed his voluntary Chapter 13 petition. Debtor did not file Schedules I and J, the Chapter 13 plan, and the Statement of Financial Affairs with his petition.[2] On the same day, the clerk of the court entered an "Order to Comply with Bankruptcy Rules 1007 and 3015(b)[3] and Notice of Intent to Dismiss Case under 11 U.S.C. § 109(g)(1)" ("Comply Order"), which directed Debtor to file the missing documents within 15 days or to move for an extension of time. The Comply Order states in its relevant part:

> If YOU DO NOT COMPLY, in a timely manner with either of the above alternatives, the Court will:
>
> - Dismiss your case without further notice; and
> - Consider this a willful failure to abide by a court order within the meaning of 11 U.S.C. § 109(g)(1). This means that if you are an individual or a family farmer [11 U.S.C. § 109(g)(1)], you will not be eligible to file another bankruptcy petition for 180 days. Unless an appropriate order of the Court is first obtained, even

---

cy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

**2.** Rule 1007(c), in pertinent part, states:

> The schedules and statements, other than the statement of intention, shall be filed with the petition in a voluntary case, or if the petition is accompanied by a list of all the debtor's creditors and their addresses, within 15 days thereafter, except as otherwise provided in subdivisions (d)(e) and (h) of this rule.... Any extension of time for the filing of the schedules and statements may be granted only on motion for cause shown and on notice to the United States trustee and to any committee elected under

§ 705 or appointed under § 1102 of the Code, trustee, examiner, or other party as the court may direct.

Fed. R. Bankr.P. 1007(c).

**3.** Rule 3015(b) states:

> The debtor may file a chapter 13 plan with the petition. If a plan is not filed with the petition, it shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct. If a case is converted to chapter 13, a plan shall be filed within 15 days thereafter, and such time may not be further extended except for cause shown and on notice as the court may direct.

Fed. R. Bankr.P. 3015(b).

if you manage to file another bankruptcy petition within 180 days from the date this order is entered, you will not be protected by the Bankruptcy Code's automatic stay. Notwithstanding filing of this subsequent petition, the automatic stay will not prevent creditors from evicting you or foreclosing on and selling your property.

On January 26, 2004, Debtor filed the missing Chapter 13 plan, Summary of Schedules, Schedule I and J, and an amended petition, but he did not file the Statement of Financial Affairs. On February 3, 2004, the clerk of court issued an order dismissing Debtor's case with a bar against refiling another bankruptcy petition for 180 days ("Dismissal Order") without further notice or a hearing. The Dismissal Order states that Debtor failed to file documents required under Rule 1007(c) and that the court "considers this as a willful failure to abide by a court order within the meaning of 11 U.S.C. Section 109(g) and/or cause to dismiss the case within the meaning of 11 U.S.C. Section 707(a) and to vary the effect of 11 U.S.C. Section 349(a)." The Dismissal Order was a generated form that bore the name of the clerk of court, followed by "For The Court". There is no indication in the record that the presiding bankruptcy judge ever determined or considered anything, let alone that there was a willful failure to abide by a court order. The Dismissal Order was entered on February 3, 2004, and Debtor did not appeal.

On February 23, 2004, beyond the 10-day time limit of Rule 9023(b), which would toll the time to appeal the Dismissal Order, Debtor filed a motion to vacate that order and to reinstate his Chapter 13 case. He contended: (1) the court's procedure had not been in accordance with Section 1307(c)(9) and Rule 1017(c) because both had required a notice served by the United States trustee and a hearing before his case could have been dismissed; (2) he had no chance to prove that his failure to comply with the Comply Order had not been willful within the meaning of Section 109(g)(1); (3) instead, the court had apparently acted pursuant to Local Bankruptcy Rule 3015(b)–1 of the United States Bankruptcy Court for the Central District of California ("L.B.R.3015(b)–1") that had allowed an automatic dismissal of his case in conflict with Section 1307(c)(9) and Rule 1017(c). L.B.R. 3015(b)–1 states:

If the chapter 13 schedules, statement and plan are not filed with the petition, the clerk shall thereupon issue an order notifying the debtor that, if the plan, schedules and statement are not filed within 15 days, the case shall be dismissed at that time with a 180–day bar to refiling, unless the court grants a motion to extend time filed within said 15 days.

Debtor filed with his motion a declaration of his attorney, Janet A. Lawson, Esq., stating that she intended, but failed to pick up and file, the missing Statement of Financial Affairs with the other documents. She declared that she had been under extreme pressure of work because she had taken over the law office of another attorney whose files had been neglected and who had died of a brain tumor.

On February 26, 2004, the bankruptcy court entered an order ("Refiling Order"), without a hearing, that Debtor "may refile a bankruptcy petition within 180 days of the dismissal of this case, but only if the petition is accompanied by a full filing fee, a complete set of schedules and Statement of Financial Affairs, and Chapter 13 plan, if applicable." The court affixed a rubber stamp stating the foregoing upon a form of order submitted by Ms. Lawson.

Debtor filed a timely notice of appeal only to the Refiling Order; neither the

Chapter 13 trustee nor the United States trustee have appeared on this appeal.

## II. ISSUES

1. Whether this appeal is moot.

2. Whether the bankruptcy court erred in dismissing Debtor's bankruptcy case sua sponte.

3. Whether the dismissal of Debtor's bankruptcy case required a further notice and a hearing.

## III. STANDARDS OF REVIEW

 We review the denial of a motion for relief from judgment or order under Fed.R.Civ.P. 60(b)[4] for abuse of discretion. *Fernandez v. GE Capital Mortgage Services, Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998). "Under the abuse of discretion standard, we will not reverse unless we are 'definitely and firmly convinced that the bankruptcy court committed a clear error of judgment.'" *Law Offices of David A. Boone v. Derham–Burk (In re Eliapo)*, 298 B.R. 392, 397–98 (9th Cir. BAP 2003) (citation omitted). "[A]n appeal from an order denying a [Fed.R.Civ.P.] 60(b) motion brings up for review only the correctness of that denial and does not bring up for review the final judgment." *Hayward v. Britt*, 572 F.2d 1324, 1325 (9th Cir.1978).[5] Thus, our re-

view is limited to the court's denial of Debtor's motion to vacate the Dismissal Order, rather than the merits of the Dismissal Order itself. *See Fernandez v. GE Capital Mortgage Services, Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998).

## IV. DISCUSSION

### 1. Mootness

#### A) Bar against refiling under Section 109(g)(1)

On this appeal, we do not determine whether the bankruptcy court, in its Dismissal Order, could bar Debtor from refiling another bankruptcy petition pursuant to Section 109(g)(1). This section states:

Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case[.]

11 U.S.C. § 109(g).

 "This Panel can only address actual cases and controversies and, there-

---

**4.** Debtor filed a motion to "vacate dismissal" and cited Rule 9005. This rule states:

> Rule 61 Fed. R. Civ. P. applies in cases under the Code. When appropriate, the court may order the correction of any error or defect or the cure of any omission which does not affect substantial rights.

Fed. R. Bankr.P. 9005.

The dismissal of Debtor's case affects his substantial right to file a Chapter 13 petition. For this reason, Rule 9005 is not applicable in this case. Nevertheless, although the Federal Rules of Bankruptcy Procedure do not specifically permit a motion to "vacate dismissal", we construe Debtor's motion as a motion for relief from judgment or order under Fed. R. Civ. P 60(b), applicable in bankruptcy cases

via Rule 9024. *See Fernandez v. GE Capital Mortgage Services, Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998).

**5.** Pursuant to Rule 8002(b), both orders would have been before us if Debtor had filed his motion to vacate the dismissal within 10 days after the Dismissal Order was entered. *See Watson v. Shandell (In re Watson)*, 192 B.R. 739, 742 n. 3 (9th Cir. BAP 1996) (appeal of an order denying a Rule 9023 motion was sufficient to bring up the merits of both the underlying order and the Rule 9023 motion at issue if the Rule 9023 motion was filed within the 10 days after entry of the underlying order), *aff'd*, 116 F.3d 488 (9th Cir.1997) (table).

fore, has a duty to raise the issue of mootness sua sponte when the parties fail to do so." *Omoto v. Ruggera (In re Omoto)*, 85 B.R. 98, 99–100 (9th Cir. BAP 1988). Debtor did not timely appeal the Dismissal Order and the bankruptcy court itself corrected its earlier decision and lifted the 180 day bar in the Refiling Order. Thus, we do not deal with this issue and whether the court could presume, based on L.B.R. 3015(b)–1, that Debtor's failure to file the required documents timely was sufficient to conclude that he had willfully violated the Comply Order.[6] Debtor's complaint about the 180 day bar of the Dismissal Order is now moot.

## B) Restrictions in Refiling Order

■ Debtor's arguments that the bankruptcy court could not impose restrictions on refiling without taking evidence and making findings of fact are also relevant to our consideration of the Refiling Order. The Refiling Order, issued with a rubber stamp and without any finding of willful failure, allowed that Debtor "may refile a bankruptcy petition within 180 days of the dismissal of this case, but only if the petition is accompanied by a full filing fee, a complete set of schedules and Statement of Financial Affairs, and Chapter 13 plan, if applicable." These restrictions on Debtor's right to file a new bankruptcy petition abridged Debtor's rights to pay the filing

fee in installments according to Rule 1006(b)(1) and to file the other documents within 15 days after the commencement of his case pursuant to Rule 1007(c). However, this part of Debtor's appeal is also moot, now that 180 days have passed. *Fernandez*, 227 B.R. at 178; *Walker v. Stanley*, 231 B.R. 343, 348 (N.D.Cal.1999).

Debtor claims that his case is not moot because the dismissal with the bar against refiling, or conditioning refiling, can be potentially used against him in the future, particularly, to label him as a serial filer. Although courts have taken dismissals of bankruptcy cases into consideration to determine whether a new petition should be dismissed with or without prejudice, *see Walker*, 231 B.R. at 349, Debtor's contention is not substantiated. There is no evidence that a court will treat Debtor as a "serial filer" in the future only because he has already filed one petition. Debtor's counsel provided an explanation for the failure to file the Statement of Financial Affairs and the bankruptcy court recognized this explanation by setting aside the original bar for refiling. If Debtor files a new petition, he takes advantage of a legal remedy. The stigma of a "serial filer" remains therefore an abstract contention.

■ Furthermore, this case does not qualify for an exception to the general

---

**6.** Were we to have addressed this presumption of willful violation on the merits, we would certainly have decided that L.B.R. 3015(b)–1 is inconsistent with Section 109(g)(1) and could not relieve the bankruptcy judge from taking evidence and making specific findings of fact. There is no indication in the Bankruptcy Code that "Congress meant to restrict the eligibility of debtors whose cases were dismissed through no fault of their own." *In re Fulton*, 52 B.R. 627, 632 (Bankr.D.Utah 1985). It is necessary that a "finding of willfulness must be made when a sanction is imposed," *Montgomery v. Ryan (In re Montgomery)*, 37 F.3d 413, 415 (8th Cir.

1994), and, thus, restrictions for abusive filings should be addressed "case-by-case." *See Steinacher v. Rojas (In re Steinacher)*, 283 B.R. 768, 774 (9th Cir. BAP 2002).

We also doubt, but do not decide, whether Debtor's non-compliance with the Comply Order would make him ineligible under Section 109(g)(1) to refile another bankruptcy petition. The order did not direct performance, but gave Debtor a choice of what to do, *viz.* complete his filing, seek more time to file, or have his case dismissed. We seriously question whether this is the type of wilful disobedience of an order that Congress had in mind when it enacted Section 109(g)(1).

mootness rule. It is not likely that Debtor's injury is "capable of repetition yet evading review." *See Cammermeyer v. Perry,* 97 F.3d 1235, 1238 (9th Cir.1996). "Under this exception, there must be a reasonable expectation that the same complaining party will be subject to the same injury again and the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation can be completed." *United States Trustee v. Joseph (In re Joseph),* 208 B.R. 55, 58 (9th Cir. BAP 1997) (citations and internal quotation marks omitted).[7] Although Debtor argues that he would file another bankruptcy petition if the dismissal of his case was affirmed, the scenario that happened in this case is not likely to happen again. For its repetition, we would have to assume that Debtor would fail again to file the required document within 15 days after the commencement of his case. However, we assume that, if Debtor files a new bankruptcy petition, he will comply with the applicable rules. Furthermore, a future injury would not evade review. Debtor could request a stay pending appeal, which would allow us to consider this issue before the issue becomes moot. *See Carey v. Askenase (In re Carey),* 221 B.R. 571, 572 (1st Cir. BAP 1998).

### C) Dismissal of Debtor's Chapter 13 case

■ The dismissal itself remains the only remaining ripe controversy on this appeal. Debtor is entitled to challenge this part of the Refiling Order. If the court abused its discretion by refusing to

vacate the Dismissal Order, we would have to reverse and remand this case with the direction to reinstate Debtor's Chapter 13 case, which would relieve Debtor of filing a new petition for Chapter 13 relief and paying a new filing fee of $194.00. Therefore this appeal is not moot.

### 2. Sua sponte dismissal

We find no abuse of discretion in the bankruptcy court's dismissal of Debtor's Chapter 13 case sua sponte, even without a request being made by the United States trustee as required by Section 1307(c)(9) and Rule 1017(c).

### A) Compliance with Section 1307(c)(9)

Debtor contends that the bankruptcy court was not authorized to dismiss the bankruptcy case sua sponte because Section 1307(c)(9) requires a motion by the United States trustee. That section requires in its relevant parts:

> Except as provided in subsection (e) of this section, *on request of a party in interest or the United States trustee* and after notice and a hearing, the court may convert a case under this chapter to a case under Chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
>
> \* \* \* \* \* \*
>
> (9) *only* on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow,

---

**7.** Unlike the matter on this appeal, *Joseph* met the qualifications for the mootness exception. In *Joseph,* 208 B.R. at 57, the United States trustee moved to dismiss debtor's Chapter 7 petition for substantial abuse pursuant to Section 707(b). The bankruptcy court denied the motion on the ground "that Congress did not

intend that motions be brought under this Code section." *Id.* Because of the United States trustee's duty to move for the dismissal of abusive bankruptcy petitions, future motions to dismiss Chapter 7 petitions for abusive filing and its denial by the bankruptcy court were likely to recur. *Id.* at 58.

after the filing of the petition commencing such case, the information required by paragraph (1) of section 521;

11 U.S.C. § 1307(c)(9) (emphases added).

This wording authorizes only the United States trustee to move for a dismissal of Debtor's bankruptcy case and excludes other parties in interest from doing so. The restrictive language in Section 1307(c) must be considered in light of the language of Section 105(a), which states:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

 The court can dismiss a case sua sponte under Section 105(a). *In re Meints*, 222 B.R. 870, 871–72 (D.Neb. 1998); *In re Campbell*, 266 B.R. 709, 712 (Bankr.W.D.Ark.2001); *In re Greene*, 127 B.R. 805, 807–808 (Bankr.N.D.Ohio 1991); *In re Welling*, 102 B.R. 720, 722 (Bankr. S.D.Iowa 1989).

 The bankruptcy court based the dismissal of Debtor's case on his failure to file the Statement of Financial Affairs within 15 days. It enforced a portion of Rule 1007(c), quoted in note 2 supra, which required Debtor to file all documents, including the Statement of Financial Affairs, within 15 days after the commencement of his bankruptcy case on January 13, 2004,

or to seek an extension of time. Debtor neither filed the Statement of Financial Affairs timely nor exercised his option to seek an extension of time. To enforce the Comply Order and Rule 1007(c), the court was authorized to dismiss Debtor's case sua sponte. Section 105(a) makes "crystal clear" the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case. *Greene*, 127 B.R. at 807–808; *see also Meints*, 222 B.R. at 872; *Campbell*, 266 B.R. at 712; *Bayer v. Hill (In re Bayer)*, 210 B.R. 794, 798–99 (8th Cir. BAP 1997); *Minkes v. LaBarge (In re Minkes)*, 237 B.R. 476, 478–479 (8th Cir. BAP 1999).

This interpretation of Section 105(a) is not unanimous. In *In re General Order Governing Dismissal of Cases and Imposition of Sanctions for Incomplete Filings (Standing Motion of U.S. Trustee to Dismiss Bankruptcy Cases)*, 210 B.R. 941, 942, 944 (Bankr.M.D.Pa.1997) the court held that "Congress has selected the United States Trustee as the designated monitor to insure compliance with the filing of 11 U.S.C. § 521(1) documents" and that Section 105(a) does not give a court the right to act sua sponte where a specific codified mandate requires that motions could only be filed by the United States Trustee.[8]

We, however, agree with the analysis in *Greene*. The language of Section 105(a) is unambiguous. The statute was revised in 1986 to overrule prior decisions prohibiting a court from acting sua sponte when the statute authorized only a party in interest to act. *Greene*, 127 B.R. at 808; *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 779 (Bankr.E.D.Cal.1990). This compels the

**8.** In *General Order,* 210 B.R. at 941, the United States trustee filed a standing motion to dismiss cases where required documents under Section 521(1) were not timely filed. The

United States trustee argued in the supporting brief that even in the absence of a motion the court could dismiss a case sua sponte, but the court disagreed. *Id.* at 943–44.

conclusion that the requirement *"only* on request of the United States trustee" in Section 1307(c)(9) does not preclude the court from acting sua sponte. The section is intended to restrict any other party in interest, but not the court.

### B) Compliance with Rule 1017(c)

■ The court's authority to dismiss a bankruptcy case sua sponte under Section 105(a) is not restricted by Rule 1017(c), which states:

> The court may dismiss a voluntary chapter 7 or chapter 13 case under § 707(a)(3) or § 1307(c)(9) after a hearing on notice served by the United States trustee on the debtor, the trustee, and any other entities as the court directs.

Fed. R. Bankr.P. 1017(c).

Rule 1017(c) is only applicable if the court dismisses a case on a motion pursuant to Section 707(a)(3) or 1307(c)(9). It does not govern the procedure if the court chooses to proceed under its authority to act sua sponte in accordance with Section 105(a). Even if Rule 1017(c) conflicts with Section 105(a), this conflict has to be resolved in favor of the Bankruptcy Code. *Steinacher*, 283 B.R. at 772. As the bankruptcy court followed a permitted procedure under Section 105(a) of the Code, Rule 1017(c) does not prohibit a sua sponte dismissal by the court.

### 3. Notice, hearing and Debtor's due process rights

■ Before the court dismissed Debtor's Chapter 13 case, it gave sufficient notice of its intention to do so.[9] Even though the court dismissed Debtor's case

under through its general powers under Section 105(a), the concept of procedural due process requires a notice and an opportunity to be heard. *See Muessel v. Pappalardo (In re Muessel)*, 292 B.R. 712, 717 (1st Cir. BAP 2003). The term "after notice and a hearing" is defined in Section 102(1):

> In this title—
>
> > (1) "after notice and a hearing", or a similar phrase—
> >
> > > (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
> > >
> > > (B) authorizes an act without an actual hearing if such notice is given properly and if—
> > >
> > > > (i) such a hearing is not requested timely by a party in interest;
> > > >
> > > > or
> > > >
> > > > (ii) there is sufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]

11 U.S.C. § 102(1).

■ Thus, the concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance. *Great Pacific Money Markets, Inc. v. Krueger (In re Krueger)*, 88 B.R. 238, 241 (9th Cir. BAP 1988). A dismissal without notice and an opportunity to be heard would not be appropriate where substantive issues are to be determined, but if a case involves only very narrow procedural aspects, a court can dismiss a Chapter 13 case without further notice and a hearing if the debtor was provided "with notice of the requirements to be met." *Meints*, 222 B.R. at 872. Thus, a procedure is

---

**9.** We also note that the Comply Order states that the filing of a new bankruptcy petition would not trigger the automatic stay. We are aware of no authority that supports that statement. *See Umali v. Dhanani (In re Umali)*,

382 F.3d 1158 (9th Cir.2004) (withdrawing former opinion (*In re Umali*, 345 F.3d 818 (9th Cir.2003)) that had held that the automatic stay did not apply in a subsequent case filed in violation of a bar order).

"perfectly appropriate" that notifies the debtor of the deficiencies of his petition and dismisses the case sua sponte without further notice and a hearing when the debtor fails to file the required forms within a deadline. *See Minkes*, 237 B.R. at 478–79.

We note that the court in *Dinova v. Harris (In re Dinova)*, 212 B.R. 437, 443–444 (2nd Cir. BAP 1997), held that the "notice" requirement within the meaning of Sections 707(a) and 102(1) is not satisfied if the bankruptcy court gives the notice before the debtor fails to comply with the required procedure and, then, dismisses the case without an actual hearing. It reasoned that nothing "in the Bankruptcy Code justifies such a radical departure from fundamental procedural due process." *Dinova*, 212 B.R. at 445.

■ Applying the standards in *Minkes*, we hold that notice was reasonably calculated and an actual hearing was not necessary in this case. The failure to file one of the required documents within 15 days occurred, and the dismissal was not based on a determination of substantive issues, such as occurred in *Meints*. It was solely a procedural matter. Debtor was notified that another failure to file the missing documents would lead to a dismissal without a further notice and that he must file a motion to receive an extension of time. The initial error was Debtor's incomplete filing, so there was no premature notice such as the *Dinova* court criticized. Here Debtor was offered an opportunity to request an extension of time if necessary. The Statement of Financial Affairs was already required simultaneously with the filing of the petition or within 15 days. *See* 11 U.S.C. § 521(1) and Rule 1007(c). No more warnings were needed and Debtor's due process rights were not violated.

Since Debtor's counsel erred in not timely filing the Statement of Financial Affairs, the court did not abuse its discretion by dismissing the case. Requiring Debtor to pay a new filing fee if he still desires Chapter 13 relief was not an inappropriate consequence in view of the error attributed to Debtor's counsel in the first instance.

## V. CONCLUSION

Debtor has shown neither clear error nor an abuse of discretion in the bankruptcy court's denial of his motion to vacate the Dismissal Order. Debtor did not file the Statement of Financial Affairs within the 15 days required by Rule 1007(c), so the court could dismiss Debtor's bankruptcy case sua sponte under Section 105(a) without another notice and a hearing. The denial of Debtor's motion to vacate the dismissal of his case is AFFIRMED.