**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN RITTER JONAS, III, Debtor,<br><br>Appellant,<br><br>v.<br><br>LINDA JONAS,<br><br>Appellee. | No. 13-35526<br><br>D.C. No. 9:12-cv-00128-DLC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted April 10, 2015[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Debtor Edwin Jonas ("Debtor") appeals the district court's order affirming the

bankruptcy court's dismissal of his bankruptcy case with prejudice. We review such

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

a dismissal for an abuse of discretion, *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-23 (9th Cir. 1999), and we affirm.

The bankruptcy court acted within its discretion to dismiss the case for Debtor's failure to comply with the express terms of the stipulation he negotiated in order to reconvert his case to Chapter 11. As the bankruptcy court found, "The Debtor failed to perform his obligation under the approved Stipulation. He failed to file a plan and disclosure statement by the deadline. On two instances he failed to pay timely quarterly fees. For each of those failures, under the negotiated Stipulation the case was subject to immediate dismissal with prejudice . . . ." *See*, *e.g.*, 11 U.S.C. § 1112(b)(4)(J) ("failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the Court" provides cause to dismiss case); *Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 869 (9th Cir. BAP 2004) (bankruptcy court has authority to dismiss case sua sponte for cause).

Dismissal of the underlying bankruptcy case divested the court of jurisdiction over the adversary proceedings against Debtor's ex-wife Linda, and thus Debtor's argument that the bankruptcy court misapplied the *Rooker-Feldman* doctrine is not properly before us on appeal and will not be addressed.

**AFFIRMED.**