

FILED

OCT 05 2016

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No.   CC-16-1072-KiTaKu |
| KAHTAN BAYATI, | Bk. No.   2:13-bk-36168-VZ |
| Debtor. | |
| KAHTAN BAYATI, | |
| Appellant. | **M E M O R A N D U M**[1] |

Argued and Submitted on September 22, 2016,
at Pasadena, California

Filed - October 5, 2016

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

Appearances:   Appellant Kahtan Bayati, pro se, did not appear at oral argument.

Before:   KIRSCHER, TAYLOR and KURTZ, Bankruptcy Judges.

---

[1]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

Chapter 13[2] debtor Kahtan Bayati appeals an order dismissing his case with prejudice.  We AFFIRM.[3]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Bayati filed his chapter 13 bankruptcy case in the Central District of California on October 29, 2013.  The bankruptcy court confirmed his chapter 13 plan on June 25, 2014.

Prior to the bankruptcy filing, Bayati was a party to a lawsuit against William Musharbash and his entity, Town Square M. Properties, LLC ("Town Square").  The state court action was filed by Bayati in his capacity as trustee of the Kahtan Bayati Living Trust, a revocable trust Bayati established for estate planning purposes.  The suit involved a dispute over a lease of two vacant parcels of land owned by the Trust.

The bankruptcy court later granted Musharbash relief from the automatic stay to continue the state court action.  Bayati appealed the stay relief order to the BAP, which affirmed.  Bayati then appealed to the Ninth Circuit Court of Appeals.

Musharbash and Town Square also filed a timely adversary complaint against Bayati, seeking to except any judgment arising from the state court action from discharge under § 523(a)(2) and (6).  In an order dismissing Bayati's counterclaim, the bankruptcy court noted that the status conference in the adversary proceeding

---

[2]  Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3]  We take judicial notice of the copy of the transcript and other documents filed in this case as they appear in the publicly available official record of the bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-2-

was initially continued to April 9, 2015, and thereafter to February 4, 2016.

Bayati failed to appear at the continued status conference on February 4. At that hearing, the bankruptcy court learned for the first time that on June 25, 2015, Bayati, on behalf of the Trust "dba Kahtan Bayati," filed a chapter 13 bankruptcy case in the Southern District of California, Case No. 15-04219. On the chapter 13 trustee's motion, the Southern District chapter 13 case was dismissed on October 9, 2015, on the basis that the Trust was ineligible for relief under chapter 13 and because Bayati had an active bankruptcy case pending in the Central District of California. After being denied reconsideration of the Southern District dismissal order, Bayati appealed the order to the U.S. District Court for the Southern District of California, which dismissed the appeal in January 2016 for Bayati's failure to pay the filing fee.

Upon learning of Bayati's Southern District filing and suspecting abuse of the bankruptcy system, the Central District bankruptcy court issued an Order to Show Cause why Bayati's chapter 13 case should not be dismissed and why he should not be prohibited from filing any future bankruptcy case without a noticed and supported motion. The court expressed concern that Bayati's actions of filing the Southern District case and of filing "procedurally improper or meritless appeals of court orders" were for the "inappropriate purpose of delaying [the state court] litigation." Bayati was ordered to personally appear and to file a written response prior to the hearing. Bayati timely appealed.

-3-

His response, however, was devoted to matters marginally relevant to the OSC. In his response, he addressed developments in the underlying state court action, the corruption, perjury and eventual incarceration of various L.A. County officials having nothing to do with the state court action or Bayati's bankruptcy case, and his dismay that the bankruptcy court did not address the alleged perjury of Musharbash through statements he made about stopping payment on a rent check to Bayati. Bayati offered neither relevant argument as to why his case should not be dismissed nor explanation as to why he filed the chapter 13 case in the Southern District while he had an active bankruptcy case in the Central District.

In noting that Bayati's response failed to address the issues raised in the OSC, the bankruptcy court explained that it issued the OSC because Bayati had chosen to abuse the bankruptcy system by filing another case in another district to stop the state court action:

> THE COURT: I am profoundly disturbed that you would choose to go file another bankruptcy case just to create delay when there is already a pending — which you had a plan confirmed.
>
> So, you cannot run off to different courts, or this Court for that matter, file multiple bankruptcy cases, put that bankruptcy case in the name of a trust, which is not eligible to file a Chapter 13 bankruptcy case, and be able to properly prosecute this case. That is what [the OSC] is all about. . . . And you did not respond to that in your response adequately.

Hr'g Tr. (Mar. 14, 2016) 3:2-11, 3:13-14. Bayati explained that he thought he could file a bankruptcy case on behalf of the Trust to protect its assets. He said he did not file the case to delay the state court action. Id. at 3:15-4:14. Upon that, the court

-4-

announced its oral ruling dismissing Bayati's chapter 13 case:

> THE COURT: Having considered the response of the Debtor, both in writing and today in Court, I find it lacking in credibility. I find that the Debtor filed a Chapter 13 bankruptcy case in the Southern District of California while his Chapter 13 bankruptcy case was pending here, in which a plan had been confirmed here, in which relief from stay had been granted so that he, as well as his opponent in the state court litigation, could complete their litigation in state court.
>
> When it appeared that there was activity or an action being taken in the state court which Mr. Bayati did not want to occur, it appears he then caused to -- a Chapter 13 bankruptcy case to be filed in the Southern District of California in the name of a trust.
>
> The trust is in an ineligible entity who cannot file a Chapter 13 bankruptcy case. And he did so in order to delay the state court action. And that bankruptcy case subsequently was dismissed.
>
> . . . .
>
> So, for all of those reasons, I order the case dismissed. I also find that Mr. Bayati is ineligible for any relief under Title 11 of the United States Code without first filing a motion on at least 21 days of notice to all of his creditors, and setting a hearing on that motion in which he gives me evidence establishing cause to modify the order of dismissal to allow him to commence a bankruptcy case.

Id. at 4:23-5:15, 6:2-9.

The bankruptcy court entered an order dismissing Bayati's chapter 13 case with a prefiling bar on March 22, 2016 ("Dismissal Order"). The Dismissal Order incorporating the court's oral findings on the record did not state what legal basis the court relied upon to dismiss the case but did state that the prefiling bar imposed was pursuant to § 349. Bayati timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

////

-5-

# III. ISSUES

1.  Did the bankruptcy court abuse its discretion in dismissing Bayati's case?

2.  Did the bankruptcy court abuse its discretion in dismissing Bayati's case with prejudice, thus, imposing a prefiling bar?

# IV. STANDARDS OF REVIEW

We review a bankruptcy court's decision to dismiss a bankruptcy case for abuse of discretion. Leavitt v. Soto (In re Leavitt), 171 F.3d 1219, 1223 (9th Cir. 1999).  The decision to dismiss a bankruptcy case with prejudice and impose a filing bar is also reviewed for abuse of discretion. See id. at 1226.  The bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

# V. DISCUSSION

By an order entered on May 27, 2016, the Panel agreed to accept Bayati's opening brief and exhibits as an informal brief. Bayati's brief presents no table of authorities, no jurisdictional statement, no concise statement of the relevant facts, no standard of review and no citations to the record.  The brief is also unfocused, requests relief on issues not properly before us (the alleged perjury of Musharbash and his counsel), and fails to make any legal argument supported by authority.

Despite this, it has been the long-standing policy in our circuit that pro se appellants, without training in the law, should be treated with "great leniency" and their briefs "read liberally."  Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1034

-6-

(9th Cir. 2006); Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). Accordingly, in reading Bayati's brief liberally, we will address what little relevant argument he raises and review the record to determine whether dismissal of his case with prejudice was proper.

**A. The bankruptcy court did not abuse its discretion in dismissing Bayati's case.**

The only relevant argument Bayati offers with respect to the Dismissal Order is that the bankruptcy court used the "excuse" of the Southern District filing to dismiss his pending chapter 13 case in the Central District. While we would not characterize the Southern District filing as an "excuse" to dismiss his case, it is true that this was the primary reason why the court dismissed it. The bankruptcy court determined that Bayati's case should be dismissed because he had misused the bankruptcy system through his improper chapter 13 filing in the Southern District in effort to stymie the approved state court action.

The Dismissal Order is silent as to what authority the bankruptcy court relied upon to dismiss Bayati's case. However, it appears to have applied § 105(a),[4] dismissing his case for abuse of process. A bankruptcy court has the power to dismiss a chapter 13 case sua sponte under § 105(a). Rosson v. Fitzgerald

---

[4] Section 105(a) provides:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

-7-

(In re Rosson), 545 F.3d 764, 771 n.8 (9th Cir. 2008) (although § 1307(c) provides for dismissal or conversion on request of a party in interest or the United States trustee, the bankruptcy court can dismiss or convert on its own motion under § 105(a)); Tennant v. Rojas (In re Tennant), 318 B.R. 860, 868-69 (9th Cir. BAP 2004) (construing the restrictive language in § 1307(c) "on request of a party in interest or the United States trustee" with § 105(a) to hold that "[s]ection 105(a) makes crystal clear the court's power to act sua sponte where no party in interest or the United States trustee has filed a motion to dismiss a bankruptcy case."); Sanders v. Cohen (In re Sanders), 2016 WL 3961804, at *4 (9th Cir. BAP June, 23, 2016)(holding same).

Nonetheless, in the case of sua sponte dismissal, notice and an opportunity to be heard must be provided. In re Tennant, 318 B.R. at 870. Bayati received sufficient notice and an opportunity to be heard before the court entered the Dismissal Order. The OSC gave Bayati just over one month to prepare a written defense and to explain why his case should not be dismissed. He timely filed his response and appeared at the OSC hearing.

Therefore, the only question is whether the factual record supports the bankruptcy court's decision to dismiss Bayati's chapter 13 case sua sponte under § 105(a). We conclude that it does.[5]

Bayati was involved in contentious litigation with Musharbash and Town Square for years prior to his chapter 13 filing in the

---

[5] We further conclude that the record supports dismissal of Bayati's case under § 1307(c)(1), for his unreasonable delay that was prejudicial to his creditors Musharbash and Town Square.

-8-

Central District and during his case. Near the time of trial in the state court action, which the bankruptcy court authorized to go forward, and while his chapter 13 case was active, Bayati filed a second chapter 13 case in the Southern District, purportedly on behalf of the Trust. Even though the Southern District case had been dismissed in October 2015 and the bankruptcy judge there had already informed him not once, but twice, that the Trust was ineligible for relief under chapter 13 and so was Bayati because of his active case in the Central District, Bayati's only explanation at the March 2016 OSC hearing for filing the Southern District case was that he thought he could do so to protect the Trust's assets. The bankruptcy court found Bayati's testimony "lacking in credibility." Hr'g Tr. (Mar. 14, 2016) 4:24-25.

The improper and suspiciously timed filing in the Southern District led the bankruptcy court to conclude that the Southern District filing was done intentionally to delay the state court litigation. When a bankruptcy filing is motivated by a desire to delay a creditor from enforcing its rights in an ongoing dispute, the filing is an abuse of process. Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.), 40 F.3d 1084, 1090 (10th Cir. 1994). Bayati does not contest any of the court's findings, complaining only that the bankruptcy judge had an unexplained hatred for him and "intended all along" to dismiss the case from day one. Ample support exists in the record for the court's conclusions regarding Bayati's abuse of the bankruptcy system; none exists for his attacks on the bankruptcy judge.

It is clear from the record that Bayati's actions constitute an abuse of the bankruptcy system and that the court acted "to

-9-

prevent" what it perceived to be "an abuse of process." Under such circumstances, dismissal of the case under § 105(a) was not an abuse of discretion.

**B.    The bankruptcy court did not abuse its discretion in dismissing Bayati's case with prejudice and imposing a prefiling bar.**

Once a court has determined that cause to dismiss exists, it must then decide what form of dismissal should apply. Ellsworth v. Lifescape Med. Assocs., P.C. (In re Ellsworth), 455 B.R. 904, 922 (9th Cir. BAP 2011). Section 349(a)[6] establishes a general rule that dismissal of a case is without prejudice but expressly grants a bankruptcy court the authority to dismiss the case with prejudice — i.e., a permanent bar to refiling. In re Leavitt, 171 F.3d at 1223-24. Inherent in this authority is the power to impose a bar of shorter duration. Franco v. Yoo (In re Franco), 2016 WL 3327154, at *5 (9th Cir. BAP June 2, 2016) (citing Johnson v. Vetter (In re Johnson), 2014 WL 2808977, at *7 (9th Cir. BAP June 6, 2014) (citing Leavitt v. Soto (In re Leavitt), 209 B.R. 935, 942 (9th Cir. BAP 1997))). Bayati offers no argument for why dismissing his case with a prefiling bar was an abuse of discretion.

When dismissing a chapter 13 case with prejudice courts are to consider the following factors:  (1) whether debtor

---

[6]  Section 349(a) provides:

Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

-10-

misrepresented facts in the petition, unfairly manipulated the Bankruptcy Code, or otherwise filed in an inequitable manner; (2) debtor's history of filings and dismissals; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. In re Leavitt, 171 F.3d at 1224. Although the bankruptcy court did not expressly refer to Leavitt to find that abuse was present, it appears to have applied the standard set forth in Leavitt based on its findings that (1) Bayati had inappropriately used the bankruptcy process with the improper Southern District filing (2) solely to delay the state court action. Because the bankruptcy court applied the correct legal test under Leavitt and the undisputed facts support a finding of "cause" to dismiss with prejudice under § 349(a), we conclude that imposing the prefiling bar was not an abuse of discretion.

## VI. CONCLUSION

For the foregoing reasons, we AFFIRM.

-11-