FILED

NOT FOR PUBLICATION

APR 02 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. EC-10-1511-DMkPa |
| JIMMIE EARL STEPHEN, | Bk. No. 10-50583 |
| Debtor. | |
| JIMMIE EARL STEPHEN, | |
| Appellant, | |
| v. | **MEMORANDUM**[1] |
| ALAN S. FUKUSHIMA, Trustee; UNITED STATES TRUSTEE, | |
| Appellees. | |

Submitted Without Oral Argument
on March 22, 2012

Filed - April 2, 2012

Appeal from the United States Bankruptcy Court
for the Eastern District of California

Honorable Robert S. Bardwil, Bankruptcy Judge, Presiding

Appearances:    Appellant Jimmie Earl Stephen, pro se, on brief; neither appellee filed a brief.

Before:  DUNN, MARKELL and PAPPAS, Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

The debtor, Jimmie Earl Stephen ("Mr. Stephen"), appeals the bankruptcy court's order dismissing his chapter 7[2] bankruptcy case for failing to file certain documents identified in the bankruptcy court's deficiency order.  We AFFIRM.

## Factual Background

The relevant facts in this appeal are limited and straightforward.  Mr. Stephen filed a chapter 7 bankruptcy petition on November 19, 2010.  Apparently, at the time of his bankruptcy filing, Mr. Stephen was incarcerated.  On the same date, the bankruptcy court entered a deficiency order ("Deficiency Order"), noting that Mr. Stephen's bankruptcy filing was incomplete and requiring that the following documents be filed by the designated deadlines, as follows:

| Document | Deadline Date |
| --- | --- |
| Verification and Master Address List | 11/29/10 |
| Schedule A – Real Property | 12/3/10 |
| Schedule C – Exempt Property | 12/3/10 |
| Schedule D – Secured Creditors | 12/3/10 |
| Schedule H – Codebtors | 12/3/10 |

On November 19, 2010, Mr. Stephen also filed an application for waiver of the bankruptcy filing fee.  His application was denied by order of the bankruptcy court entered on November 23, 2010.[3]

---

[2]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3]  Mr. Stephen's notice of appeal sought review of that order in addition to the Dismissal Order, but his appeal of the
(continued...)

Mr. Stephen did not file the required Verification and Master Address List by the November 29, 2010 deadline. There is no evidence in the record that Mr. Stephen ever tendered either the Verification and Master Address List or any of the missing schedules to the bankruptcy court for filing at any time.

On November 30, 2010, the bankruptcy court entered an order ("Dismissal Order"), dismissing Mr. Stephen's bankruptcy case for failure to file missing documents. Mr. Stephen argues that he did not receive a copy of the Deficiency Order until November 30, 2010, the date that the Dismissal Order was entered.

Mr. Stephen did not file a motion to vacate the Dismissal Order. Likewise, he did not file a motion for relief from the Dismissal Order based on mistake or excusable neglect. There is no evidence in the record that Mr. Stephen filed a subsequent petition to initiate a new bankruptcy case. However, he did file a timely notice of appeal of the Dismissal Order.

### Jurisdiction

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

### Issue

Did the bankruptcy court err in dismissing Mr. Stephen's bankruptcy case? In particular, were Mr. Stephen's due process rights violated by the bankruptcy court's entry of the Dismissal

---

[3](...continued) denial of his fee waiver application was untimely. Accordingly, we do not consider the denial of Mr. Stephen's application for waiver of the filing fee in this appeal.

Order sua sponte?

## Standards of Review

We review issues of statutory construction de novo. <u>B-Real, LLC v. Chaussee (In re Chaussee)</u>, 399 B.R. 225, 229 (9th Cir. BAP 2008).

Orders dismissing bankruptcy cases generally are reviewed for an abuse of discretion. <u>Leavitt v. Soto (In re Leavitt)</u>, 171 F.3d 1219, 1223 (9th Cir. 1999); <u>Guastella v. Hampton (In re Guastella)</u>, 341 B.R. 908, 915 (9th Cir. BAP 2006). However, we review questions regarding due process de novo. <u>Molski v. Gleich</u>, 318 F.3d 937, 951 (9th Cir. 2003); <u>In re Brooks-Hamilton</u>, 400 B.R. 238, 245 (9th Cir. BAP 2009).

De novo review requires that we consider a matter anew, as if it had not been heard previously. <u>United States v. Silverman</u>, 861 F.2d 571, 576 (9th Cir. 1988).

We apply a two-part test to determine whether the bankruptcy court abused its discretion. <u>United States v. Hinkson</u>, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). First, we consider de novo whether the bankruptcy court applied the correct legal standard to the relief requested. <u>Id.</u> Then, we review the bankruptcy court's fact findings for clear error. <u>Id.</u> at 1262 & n.20. We must affirm the bankruptcy court's fact findings unless we conclude that they are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" <u>Id.</u> at 1262.

We may affirm on any ground supported by the record. <u>Shanks v. Dressel</u>, 540 F.3d 1082, 1086 (9th Cir. 2008).

-4-

## Discussion

Although Mr. Stephen asserts many grievances in the papers he has filed with this Panel, the only question that is properly before us for review in this appeal is whether the bankruptcy court erred in the circumstances of this case in dismissing Mr. Stephen's bankruptcy case for failing to meet the deadline for filing required documents set forth in the Deficiency Order.

Specifically, Mr. Stephen's bankruptcy case was dismissed because he did not file a Verification and Master Address List by the deadline set in the Deficiency Order. Rule 1007(a) provides that, "In a voluntary case, the debtor <u>shall file with the petition</u> a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." (Emphasis added.) In other words, the Rule, consistent with the Bankruptcy Code, requires that a debtor seeking relief in bankruptcy must file a list including the names and addresses of his creditors with his bankruptcy petition. <u>See</u> § 521(a)(1)(A). There is no mystery behind that requirement. In the absence of such a list, there is no way for the bankruptcy court to provide notice to the debtor's creditors that a bankruptcy case has been initiated by the debtor. <u>See</u> 9 <u>Collier on Bankruptcy</u> ¶ 1007.02[1] (Alan N. Resnick and Henry J. Sommer, eds., 16th ed. 2011) ("These lists enable the clerk to mail the various notices required . . . .").

"In many districts, local rules require the debtor to file a 'mailing matrix' of creditors' names and addresses formatted in a specified way that enables the clerk to produce mailing labels." <u>Id.</u> In the bankruptcy court for the Eastern District of

California, Local Rule 1007-1(b) ("Local Rule 1007-1(b)") requires as follows:

> Master Address List.  With every petition for relief under the Bankruptcy Code presented for filing, there shall be submitted concurrently a Master Address List which includes the name, address, and zip code of all of the debtor's known creditors.  To accommodate modern technology, the Master Address List shall be prepared in strict compliance with instructions of the Clerk in a format approved by the Court.

Since Mr. Stephen did not file his Master Address List with his petition, the Deficiency Order gave him a grace period of ten days thereafter, by November 29, 2010, to provide the missing Master Address List.  When he did not file the Master Address List by the deadline, his bankruptcy case was dismissed.  Based on the record before us, Mr. Stephen never tendered a Master Address List to the bankruptcy court for filing.  He never filed a motion to vacate the Dismissal Order, and he never requested relief from the Dismissal Order based on a claim of mistake or excusable neglect.

His sole relevant argument on appeal is that he did not receive a copy of the Deficiency Order, setting the November 29, 2010 deadline for submission of his Verification and Master Address List, until November 30, 2010, the date that his case was dismissed, and consequently, his due process rights under the Constitution were violated.  He has produced no evidence in support of his argument.

Section 707(a)(3) provides that:

The court may dismiss a case under [chapter 7] only after notice and a hearing and only for cause, including –
. . .
(3) failure of the debtor in a voluntary case to file,

-6-

within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph 1 of section 521(a), but only on a motion by the United States Trustee.

By its terms, § 707(a)(3) appears to require "notice and a hearing" prior to dismissal based on a motion filed by the United States Trustee. However, this Panel has held in considering the comparable limiting restrictions of § 1307(c)(9) with respect to dismissing chapter 13 cases, that those restrictions must be considered in light of the provisions of § 105(a). See <u>Tennant v. Rojas (In re Tennant)</u>, 318 B.R. 860, 869 (9th Cir. BAP 2004).

Section 105(a) provides that:

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. <u>No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.</u> (Emphasis added.)

In <u>In re Tennant</u>, this Panel affirmed the bankruptcy court's decision denying the debtor's motion to vacate an order dismissing his chapter 13 case based on his failure to file a Statement of Financial Affairs within fifteen days following the filing of his bankruptcy petition, consistent with the requirements of Rule 1007(c). <u>Id.</u> at 869, 871. The United States Trustee had not moved to dismiss the debtor's case, but this Panel concluded that such a motion was not required procedurally in light of the revised provisions of § 105(a):

The language of Section 105(a) is unambiguous. The statute was revised in 1986 to overrule prior decisions prohibiting a court from acting sua sponte when the statute authorized only a party in interest to act. [<u>In re Greene</u>], 127 B.R. at 808; <u>Swift v. Bellucci (In re</u>

-7-

Bellucci), 119 B.R. 763, 779 (Bankr. E.D. Cal. 1990). This compels the conclusion that the requirement "only on request of the United States trustee" in Section 1307(c)(9) does not preclude the court from acting sua sponte. The section is intended to restrict any other party in interest, but not the court.

Id. at 869-70. (Emphasis in original.)

The Deficiency Order notified Mr. Stephen that the bankruptcy court "without further notice, may dismiss this case" if Mr. Stephen did not file the required documents by the specified deadlines or file either a motion for extension of time or a notice of hearing on the bankruptcy court's notice of intent to dismiss. Mr. Stephen argues that he was denied due process when the bankruptcy court dismissed his case the same day that he received the Deficiency Order. The debtor in In re Tennant raised a similar due process argument.

We recognize, as the Panel recognized in In re Tennant, that procedural due process requires notice and an opportunity to be heard. Id. at 870, citing Muessel v. Pappalardo (In re Muessel), 292 B.R. 712, 717 (1st Cir. BAP 2003). In the Bankruptcy Code, the terms "after notice and a hearing" are defined in § 102(1):

(1) "after notice and a hearing" . . .
(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
(B) authorizes an act without an actual hearing if such notice is given properly and if –
        (I) such a hearing is not requested timely by a party in interest; or
        (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act . . . .

Accordingly, notice and a hearing in bankruptcy are flexible concepts, depending on what is appropriate in given

-8-

circumstances. In re Tennant, 318 B.R. at 870 (citing Great Pac. Money Markets, Inc. v. Krueger (In re Krueger), 88 B.R. 238, 241 (9th Cir. BAP 1988)). "[I]f a case involves only very narrow procedural aspects, a court can dismiss a [bankruptcy] case without further notice and a hearing if the debtor was provided 'with notice of the requirements to be met.'" In re Tennant, 318 B.R. at 870 (citing In re Meints, 222 B.R. 870, 872 (D. Neb. 1998)).

The debtor in In re Tennant did not file his Statement of Financial Affairs by the required deadline, fundamentally a procedural matter. In re Tennant, 318 B.R. at 871.

> Debtor was notified that another failure to file the missing documents would lead to a dismissal without a further notice and that he must file a motion to receive an extension of time. The initial error was Debtor's incomplete filing, . . . Here Debtor was offered an opportunity to request an extension of time if necessary. The Statement of Financial Affairs was already required simultaneously with the filing of the petition or within 15 days. See 11 U.S.C. § 521(1) and Rule 1007(c). No more warnings were needed and Debtor's due process rights were not violated.

Id.

In this case, Mr. Stephen's Master Address List was required to be filed with his bankruptcy petition. He did not meet that requirement. The Deficiency Order gave him ten additional days to file the Master Address List. He did not meet that deadline. He argues that he did not receive the Deficiency Order before the date that his case was dismissed. However, here he runs up against the presumption of the "mailbox rule."

The record reflects that the Deficiency order was mailed to Mr. Stephen by first class mail to the address he specified in his bankruptcy petition on November 24, 2010. "Mailing a timely

-9-

notice by first class mail to a party's last known address is sufficient to satisfy due process." La Sierra Fin. Servs., Inc. v. Mozsgai (In re La Sierra Fin. Servs., Inc.), 290 B.R. 718, 733 (9th Cir. BAP 2002) (citing DeVore v. Marshack (In re DeVore), 223 B.R. 193, 196 (9th Cir. BAP 1998)). Mr. Stephen's due process argument "implicates the mailbox rule, a long-established principle which presumes that, upon a showing of predicate facts that a communication was sent, the communication reached its destination in regular time." Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1124 n.4 (9th Cir. 2007) (citing Rosenthal v. Walker, 111 U.S. 185 (1884)). Mr. Stephen has presented no evidence in support of his argument to overcome the mailbox rule presumption.

However, even assuming that Mr. Stephen could present some evidence to support his argument that he did not receive the Deficiency Order in time to respond before his bankruptcy case was dismissed, he never took any action to remedy the situation with the bankruptcy court. He never tendered a Master Address List that would have allowed the bankruptcy court to notify his creditors that he had filed. Once his case was dismissed, he did not request any relief from the bankruptcy court to vacate the Dismissal Order in light of his alleged late receipt of the Deficiency Order. His application for waiver of the filing fee had been denied, but he had not paid any portion of the bankruptcy filing fee at the time that his case was dismissed. Accordingly, he was not out of pocket for the filing fee or any other fee or cost as far as we can tell. Nothing prevented Mr. Stephen from filing a new bankruptcy petition with the

required supporting documents, but we have nothing in the record indicating that he has initiated a new bankruptcy filing. His only subsequent action was to appeal the Dismissal Order.

Based on our consideration of the limited record in this appeal and applicable law, we conclude that the Dismissal Order was entered consistent with applicable provisions of the Bankruptcy Code and Rules and did not violate Mr. Stephen's procedural due process rights. The bankruptcy court did not err in dismissing Mr. Stephen's chapter 7 case.

## Conclusion

For the foregoing reasons, we AFFIRM.