**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

In re:                          )      BAP No.   NC-16-1018-FBJu
                                )
MONICA HUJAZI,                  )      Bk. No.   13-30477
                                )
              Debtor.           )
_____ )
MONICA HUJAZI,                  )
                                )
              Appellant,        )
                                )
v.                              )      **MEMORANDUM**[*]
                                )
RECOVEREX CORPORATION;          )
MICHAEL E. GRODSKY; ANDREW      )
KIM; BIANKA McGUIGAN; ALLEN     )
HYMAN; HAROLD GREENBERG,        )
                                )
              Appellees.        )
_____ )

Argued and Submitted on June 22, 2017
at San Francisco, California

Filed – July 14, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Appearances:   Bradley Kass of Kass & Kass Law Offices argued on
               behalf of appellant Monica Hujazi; Sidney A.
               Luscutoff of Luscutoff, Lendormy & Assoc. argued
               on behalf of appellee Recoverex Corporation; Geoff
               Wiggs argued on behalf of appellees Michael
               Grodsky, Bianka McGuigan, and Andrew Kim; appellee
               Allen Hyman, pro se, on brief; appellee Harold
               Greenberg, pro se, on brief.

_____

   [*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have, see Fed. R. App. P. 32.1, it has no precedential value, see
9th Cir. BAP Rule 8024-1.

Before: FARIS, BRAND, and JURY, Bankruptcy Judges.

**INTRODUCTION**

In an involuntary chapter 7[1] bankruptcy case against debtor Monica Hujazi, the bankruptcy court granted summary judgment in favor of the petitioning creditors and entered an order for relief. Ms. Hujazi appeals on numerous grounds. We AFFIRM.

**FACTUAL BACKGROUND**

**A. The involuntary petition**

On March 1, 2013, four creditors ("the Original Petitioning Creditors") filed a chapter 7 involuntary petition against Ms. Hujazi. The Original Petitioning Creditors are:

- Appellee Recoverex Corporation, which asserts that it is the assignee of the claims of attorney Sidney Luscutoff against Ms. Hujazi for legal fees. As of the petition date, Ms. Hujazi allegedly owed Recoverex $634,000.

- Appellee Allen Hyman, an attorney who represented Ms. Hujazi. As of the petition date, Ms. Hujazi allegedly owed him $144,936.86.[2]

- Appellee Michael E. Grodsky, another attorney who provided legal services to Ms. Hujazi. As of the petition date,

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Mr. Hyman filed a request for judicial notice asking that we take judicial notice of two exhibits that purport to show Ms. Hujazi's criminal case history. These documents do not appear to be directly related to this proceeding (nor are they authenticated in any way), and we accordingly deny the request.

2

Ms. Hujazi allegedly owed him $312,940.

- Appellee Harold Greenberg, yet another attorney with a claim against Ms. Hujazi for legal fees as well as a judgment.  As of the petition date, Ms. Hujazi allegedly owed him $642,023.14.

The Original Petitioning Creditors alleged that they were qualified under § 303(b) to file an involuntary petition against Ms. Hujazi because their claims were not contingent and not the subject of a bona fide dispute as to liability or amount.

The involuntary petition identified Ms. Hujazi as the individual debtor.  It also listed other trade names that she had used in the prior eight years: "Zuercher Trust Family Trust, The Zuercher Trust of 1999, Bay Cities Financial, Alexandria Apartments, Brownstone Lofts, Peninsula Commons, Emerald Square Apartments, SF Corners."

**B.    The motion to dismiss**

Ms. Hujazi filed a motion to dismiss the involuntary petition.  She argued that the Original Petitioning Creditors were not qualified under § 303(b) because the debts were "the subject of a bona fide dispute as to liability or amount."

After Ms. Hujazi filed her motion to dismiss, but before the court decided it, three groups of creditors joined in the involuntary petition.  These are:

- The Los Angeles Housing Department and the Los Angeles Fire Department ("Los Angeles Creditors"), which held combined claims for $62,858.58 for penalties related to misdemeanor convictions;

- Blanca Valdovinos and Mirian Gonzalez, representatives of a

3

putative class of tenants in a building owned or controlled by Ms. Hujazi ("Class Action Creditors"); and

• Bitalino Sanchez Trieles, Gregorio Centeno Flores, Rodolfo Rivera Cabrera, and Tomas Cux, who are some of Ms. Hujazi's tenants ("Tenant Creditors").

The court treated the motion to dismiss as a motion for summary judgment. Following a hearing, the bankruptcy court granted the motion in part and denied it in part. It found that Ms. Hujazi had failed to show a genuine dispute of material fact with regard to the qualifications of the Original Petitioning Creditors and the Los Angeles Creditors. However, it granted summary judgment in favor of Ms. Hujazi as to the Class Action Creditors and Tenant Creditors.

The bankruptcy court explicitly did not make any finding as to whether Ms. Hujazi had twelve or more creditors holding claims not the subject of a bona fide dispute as to liability or amount. It ordered her to file an answer to the involuntary petition within fourteen days; if she intended to assert a defense of too few petitioning creditors, she must file and serve a list of creditors in compliance with Rule 1003(b). The court stated that the failure to assert the lack of qualifying creditors as a defense or file her list of creditors would constitute a waiver of that defense.

**C. Ms. Hujazi's answer and list of creditors**

On August 15, 2013, Ms. Hujazi filed an answer to the involuntary petition. She did not assert the defense of too few qualifying creditors.

Almost two months later, she filed a list of creditors

4

holding claims that were not the subject of a bona fide dispute. Those creditors (and amounts owed) were:

- American Express ($11,595);
- Town of Hillsborough ($1,230);
- Pacific Gas & Electric ($1,012);
- Recology Sunset Scavenger ($862);
- AT&T ($789); and
- Visa ($23,390).

**D.    Additional petitioning creditors**

After the bankruptcy court decided the motion to dismiss, three more creditors joined in the involuntary petition:

- Craig Heidig, who held a claim for $685 for construction-related work done on real property in San Francisco;
- Appellee Bianka McGuigan, who held an unpaid judgment; and
- Appellee Andrew Kim, who also held an unpaid judgment.

The bankruptcy court scheduled a trial on the involuntary petition and set a deadline for filing dispositive motions.

**E.    The motion for summary judgment**

More than two years after the involuntary petition date, and on the motions cutoff date, Recoverex filed a motion for summary judgment seeking an order for relief against Ms. Hujazi ("Motion for Summary Judgment").  It argued that, because Ms. Hujazi had failed to plead insufficient qualifying creditors as a defense and had only identified six creditors, she waived that defense. There was a creditor with a qualifying claim because the court had previously determined (in its decision on the motion to dismiss) that the Los Angeles Creditors held a claim not the subject of a bona fide dispute as to liability or amount.

5

Recoverex argued that, even if three qualifying creditors were necessary, Mr. Hyman and Mr. Grodsky held claims against Ms. Hujazi (related to unpaid legal bills) that were not the subject of a bona fide dispute.

Finally, Recoverex argued that Ms. Hujazi was not generally paying her debts as they became due. Recoverex showed that Ms. Hujazi admitted that, as of the involuntary petition date, she did not possess liquid assets exceeding $350,000.

After the motions cutoff date, Mr. Hyman, Mr. Grodsky, Ms. McGuigan, and Mr. Kim joined in the Motion for Summary Judgment. Only Mr. Hyman offered substantive argument and evidence; Mr. Grodsky, Ms. McGuigan, and Mr. Kim filed simple joinders after Ms. Hujazi filed her opposition to the Motion for Summary Judgment and only incorporated Recoverex's arguments. (We will refer to Recoverex and the creditors that joined in the motion as the "Moving Creditors.")

Ms. Hujazi opposed the Motion for Summary Judgment. She argued that: (1) Recoverex was required to seek relief from stay before filing the involuntary petition because the petition named The Zuercher Trust of 1999 as an alias or assumed business name of Ms. Hujazi, and that entity was already in bankruptcy ("the Zuercher Trust case"); (2) Recoverex lacked standing to file the Motion for Summary Judgment because there was no proof that it was a creditor of Ms. Hujazi; (3) the Motion for Summary Judgment was filed in bad faith because Recoverex was not a qualified petitioning creditor; (4) the claims in the involuntary petition cannot be enforced because they were duplicative of the claims in the Zuercher Trust bankruptcy case; (5) the attorney creditors'

6

claims were barred by state law; and (6) a trial on the merits was necessary to establish the number of qualifying creditors, Ms. Hujazi's financial condition, and whether Ms. Hujazi was paying her debts as they become due.

Ms. Hujazi objected that Mr. Hyman's substantive joinder was untimely because it was filed after the motions cutoff date and attempted to substantively argue the motion. The bankruptcy court permitted Mr. Hyman to join in the Motion for Summary Judgment, but struck his additional argument and evidence as untimely.

Additionally, Ms. Hujazi objected to Recoverex's standing to file the Motion for Summary Judgment. She contended that Recoverex had failed to prove that the claims had been properly assigned to it.

Following a hearing, the bankruptcy court granted the Motion for Summary Judgment. In a detailed order granting the motion ("Summary Judgment Order"), the bankruptcy court held that the Moving Creditors had established the requisite number of petitioning creditors and that Ms. Hujazi was generally not paying her debts as they became due.[3]

The bankruptcy court held that Ms. Hujazi had waived the defense of an insufficient number of qualified petitioning creditors because she did not assert that defense in her answer.

---

[3] The bankruptcy court issued a separate order on Ms. Hujazi's various evidentiary objections. In relevant part, it overruled her special objection to Recoverex's standing based on its alleged lack of evidence regarding proof of assignment of its claims. The bankruptcy court also denied her request to strike Recoverex's request for judicial notice. Ms. Hujazi did not appeal any of these rulings.

Additionally, she only identified six creditors holding claims that are not the subject of a bona fide dispute.

The bankruptcy court further held that, even if Ms. Hujazi did not waive the defense of an insufficient number of petitioning creditors, the Moving Creditors had established that at least three qualifying creditors joined in the involuntary petition. It stated that Ms. McGuigan and Mr. Kim held valid judgments against Ms. Hujazi that had not been satisfied. Moreover, Mr. Hyman and Mr. Grodsky held claims for unpaid attorneys' fees that were not the subject of a bona fide dispute as to liability or amount.

Next, the bankruptcy court found that Ms. Hujazi was generally not paying her debts as they became due. Applying the Ninth Circuit's "totality of the circumstances" test, it began by considering whether Ms. Hujazi was paying her known creditors, of which there were fifteen. The court found that she was not paying ten of them, but that the Moving Creditors did not prove that she had failed timely to pay the debts of five creditors. After evaluating the status of each individual debt, the bankruptcy court stated that:

> Applying the totality of the circumstances analysis prescribed by the Ninth Circuit, the Court concludes that Movants have met their burden of establishing that Ms. Hujazi has been generally not paying her debts as they become due, and that Ms. Hujazi has failed to raise a dispute of material fact sufficient to warrant a trial on the merits. Accordingly, Movants are entitled to summary judgment on this issue. Ms. Hujazi is the subject of several unpaid judgments, and has failed to pay several professionals she has employed over the years. Though not as severe, Movants have also established that Ms. Hujazi has an inability to make recurring monthly payments on a timely basis. While it is true that she has paid some of her creditors, the question of whether

8

an alleged debtor has been generally paying debts as they become due requires the Court to look at all of Ms. Hujazi's debts and the circumstances in which payments are made. Doing so, it becomes clear that Ms. Hujazi has made it a common practice to pick and choose which debts to pay and which not to pay, and to bounce checks or make excuses when timely payment is not possible. On this basis, the Court concludes that entry of an order for relief under section 303 is warranted.

Finally, the bankruptcy court rejected Ms. Hujazi's ancillary arguments. It stated that the Moving Creditors did not violate the automatic stay in the Zuercher Trust case because the involuntary petition was directed against Ms. Hujazi, not the Zuercher Trust. It rejected her argument that Recoverex lacked standing to file the involuntary petition and the Motion for Summary Judgment because Mr. Grodsky, Mr. Hyman, Ms. McGuigan, and Mr. Kim each had standing and joined in the Motion for Summary Judgment. It also disagreed with her argument that the Moving Creditors failed to prove her "financial condition and debt structure."

The bankruptcy court entered an order for relief ("Order for Relief") on November 30, 2015.

**F.    The motion for reconsideration**

Ms. Hujazi filed a motion to alter, vacate, or amend judgment ("Motion for Reconsideration"). She argued that Recoverex lacked standing to move for summary judgment because it did not produce evidence that it held any claim against Ms. Hujazi and that it was improper to allow the joinder of the other Moving Creditors.

The bankruptcy court denied the Motion for Reconsideration and concluded that: (1) Recoverex could move for summary judgment

9

because it was a party to the case and did not need to be an eligible petitioning creditor; (2) Recoverex met its burden to prove the lack of any genuine dispute as to whether Ms. Hujazi was paying her debts as they became due; (3) joinder in the Motion for Summary Judgment was appropriate; (4) the joinders did not seek any relief different from the Motion for Summary Judgment; and (5) Ms. Hujazi did not suffer any prejudice.

The bankruptcy court entered an order denying the Motion for Reconsideration ("Reconsideration Order"). Ms. Hujazi timely filed her notice of appeal from the Summary Judgment Order, Order for Relief, and Reconsideration Order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(1). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

(1) Whether the bankruptcy court erred in granting the Motion for Summary Judgment and entering the Order for Relief.

(2) Whether the bankruptcy court erred in denying the Motion for Reconsideration.

## STANDARDS OF REVIEW

"[W]e review de novo a bankruptcy court's decision to grant summary judgment." See Marciano v. Fahs (In re Marciano), 459 B.R. 27, 35 (9th Cir. BAP 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013). "De novo review requires that we consider a matter anew, as if no decision had been made previously." Francis v. Wallace (In re Francis), 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review for abuse of discretion the denial of a motion for

10

reconsideration. <u>N. Alaska Envtl. Ctr. v. Lujan</u>, 961 F.2d 886, 889 (9th Cir. 1992). To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible, or "without support in inferences that may be drawn from the facts in the record." <u>United States v. Hinkson</u>, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc). "If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion." <u>USAA Fed. Sav. Bank v. Thacker (In re Taylor)</u>, 599 F.3d 880, 887–88 (9th Cir. 2010) (citing <u>Hinkson</u>, 585 F.3d at 1261–62).

DISCUSSION

**A.   The bankruptcy court properly granted summary judgment.**

We agree with the bankruptcy court that summary judgment and an order for relief were appropriate.

> **1.   Petitioning creditors must establish the requisite number of petitioning creditors and that Ms. Hujazi was generally not paying her debts as they came due.**

"Section 303 requires that creditors filing a petition for involuntary bankruptcy against a debtor have claims that are not subject to a bona fide dispute." <u>Liberty Tool & Mfg. v. Vortex Fishing Sys., Inc. (In re Vortex Fishing Sys., Inc.)</u>, 277 F.3d 1057, 1064 (9th Cir. 2002). It provides:

(b) An involuntary case against a person is commenced

11

by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title--

> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $15,775 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, . . . by one or more of such holders that hold in the aggregate at least $15,775 of such claims[.]

§ 303(b)(1)-(2).

In addition, § 303 articulates the requirements for an order for relief:

> (h) If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if--
>
> > (1) the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute as to liability or amount. . . .

§ 303(h).

In order to prevail on summary judgment where twelve or more creditors are present, the petitioning creditors "must establish that (1) three or more creditors (2) hold claims against the alleged debtor that are not contingent as to liability and (3) are not the subject of a bona fide dispute as to liability or amount (4) in the aggregate amount of at least [$15,775], and (5) that the alleged debtor is generally not paying such debtor's debts as such debts become due." In re Marciano, 446 B.R. 407,

12

420 (Bankr. C.D. Cal. 2010), aff'd, 459 B.R. 27 (9th Cir. BAP 2011), aff'd, 708 F.3d 1123 (9th Cir. 2013) (citing § 303). If an alleged debtor has less than twelve such creditors, only one petitioning creditor is necessary. § 303(b)(2).

A claim is subject to a "bona fide dispute" if "there is an objective basis for either a factual or a legal dispute as to the validity of the debt." In re Vortex Fishing Sys., Inc., 277 F.3d at 1064 (citation omitted). In other words, "if there is either a genuine issue of material fact that bears upon the debtor's liability,[4] or a meritorious contention as to the application of law to undisputed facts, then the petition must be dismissed." Id. (citation omitted).

The petitioning creditors bear the burden of proving all statutory requirements of § 303. The burden then shifts to the alleged debtor to show that there is a dispute as to a material fact. Id.

**2. The joinders in the Motion for Summary Judgment were proper.**

Ms. Hujazi argues that the bankruptcy court erred in granting the Motion for Summary Judgment because the joinders were improper and Recoverex lacked standing to file the initial motion. We disagree.

Ms. Hujazi argues that federal law does not recognize joinders in substantive motions and, therefore, state law

---

[4] After the Ninth Circuit decided Vortex Fishing, Congress amended § 303(b)(1) to provide that a qualifying creditor's claim must not be the subject of a bona fide dispute "as to liability **or amount . . . .**" (Emphasis added.)

13

controls. Accordingly, she urges us to rely on California case law that holds that a California state court may not grant summary judgment in favor of a party that did not file its own motion for summary judgment but rather joined in another party's motion. Ms. Hujazi's argument is not persuasive.

The Federal Rules of Civil Procedure neither permit nor forbid joinders in summary judgment motions. Ms. Hujazi contends that, when the federal rules are silent, a federal court should (or perhaps must) follow the procedural rules of state courts in the forum state. She offers no authority for this proposition, and we reject it.

Rule 9029(b) tells bankruptcy courts what they can do when the rules are silent. Bankruptcy courts have broad authority to "regulate practice in any manner consistent with [the applicable procedural rules], Official Forms, and local rules of the district." Rule 9029(b). Relying on this power, federal courts routinely permit parties to join in motions. See, e.g., Thompson v. Hartley, Case no. 1:10-cv-02260-MJS, 2014 U.S. Dist. LEXIS 158786 (E.D. Cal. Nov. 7, 2014).

While a federal judge might choose to follow state rules of procedure when the federal rules are silent, we see no reason to require a federal court to follow state court procedure. This would be particularly inappropriate in this case. The California state court cases cited by Ms. Hujazi rest on a California statute, California Code of Civil Procedure 437c(b). See Vill. Nurseries, L.P. v. Greenbaum, 101 Cal. App. 4th 26, 46-47 (2002). Under basic principles of federalism, a state legislature cannot dictate practice and procedure in a federal court.

14

Ms. Hujazi argues that consideration of the joinders denied her due process. We disagree.

Generally speaking, a court must give sufficient notice of an adverse action and the opportunity for interested parties to be heard. See Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004) ("the concept of procedural due process requires a notice and an opportunity to be heard"). According to the United States Supreme Court:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. The notice must be of such nature as reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance.

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950) (citations omitted).

Ms. Hujazi was not deprived of due process. She had notice of the Motion for Summary Judgment and an opportunity to file a written response and argue orally in court. All of the joinders except for Mr. Hyman's were simple "me too" statements that did not add any argument or evidence to Recoverex's initial motion; the bankruptcy court properly excluded Mr. Hyman's supplemental argument and evidence as untimely. Ms. Hujazi was not deprived of notice or an opportunity to be heard.

Additionally, she did not suffer any prejudice. Even in cases where a bankruptcy court errs by failing to provide adequate notice and hearing, the debtor must show prejudice from the procedural deficiencies. See Rosson v. Fitzgerald

15

(In re Rosson), 545 F.3d 764, 776-77 (9th Cir. 2008) ("Because there is no reason to think that, given appropriate notice and a hearing, Rosson would have said anything that could have made a difference, Rosson was not prejudiced by any procedural deficiency."); see also City Equities Anaheim, Ltd. v. Lincoln Plaza Dev. Co. (In re City Equities Anaheim, Ltd.), 22 F.3d 954, 959 (9th Cir. 1994) (rejecting due process claim for lack of prejudice where debtor could not show that any different or additional arguments would have been presented if bankruptcy court had timely approved petition for new counsel).

Ms. Hujazi admits that she would have made the same arguments if the joinders been filed earlier; she claims that her emphasis might have been different, but she does not convince us that this might have changed the outcome. Therefore, the bankruptcy court's consideration of the joinders did not prejudice her.

**3. Recoverex could file for summary judgment.**

Even if the joinders were improper, Recoverex had standing to file for summary judgment.

Ms. Hujazi argues that the court erred because Recoverex "lacked standing since their moving papers did not present any evidence of a claim which is needed to obtain a summary judgment." There are two ways to construe her argument.

First, she may be contending that a party seeking summary judgment in an involuntary case must show that the moving party is a qualified petitioning creditor. She offers no authority for this proposition, and we reject it.

Civil Rule 56, made applicable in bankruptcy through Rule

16

7056, provides: "A party may move for summary judgment . . . ." There is no dispute that Recoverex is a "party" to this case.[5] Therefore, Recoverex was entitled to file a motion for summary judgment.

In order to prevail on its motion, Recoverex had to prove that there was a sufficient number of qualified petitioning creditors. Ms. Hujazi would have us hold that Recoverex also had to prove that Recoverex itself was one of those creditors. Neither the statute nor the rules imposes such a requirement, and we see no reason to adopt it.[6]

Second, she may be contending that the movant must show that it is a creditor – i.e., that it holds a claim against the debtor, even if that claim is subject to a bona fide dispute. She argues that Recoverex failed to prove an actual assignment of claims to it. This misstates the record.

In Recoverex's opposition to the motion to dismiss, it stated that "[t]he receivables of the Luscutoff firm were

---

[5] Ms. Hujazi's counsel conceded that Recoverex is a party to this case:

THE COURT: . . . There's no question that Recoverex is a party to this proceeding, right?

MR. KASS: No. No. We don't question that. It's the next part, the next sentence actually, that we're relying on.

[6] We also reject Ms. Hujazi's argument that Recoverex acted in bad faith by filing the Motion for Summary Judgment. Ms. Hujazi claims that Recoverex was incorporated for the sole purpose of filing the involuntary petition. She offers no evidence for this assertion and gives no reason why it would be improper even if true.

17

assigned to Recoverex for collection in the Spring of 2012 . . . ." Mr. Luscutoff attested that "[i]n March of 2012 our firm assigned its accounts receivable and fraud claims, as to Monica Hujazi [individually and as the trustee of the Zuercher Trust] to Recoverex Corporation." When deciding the Motion for Summary Judgment, the bankruptcy court took judicial notice of Recoverex's opposition, which incorporated Mr. Luscutoff's declaration.

In objecting to Recoverex's standing, Ms. Hujazi stated that "despite an extensive document request from [Ms. Hujazi], no such assignment document, if any, has been seen." But the absence of an assignment document is not fatal to Recoverex's standing, because Mr. Luscutoff declared that the assignment had taken place, Ms. Hujazi offered no evidence to the contrary, and Ms. Hujazi did not argue that the law required a writing. Thus, Recoverex was entitled to file a motion for summary judgment.[7]

**4.    There were enough qualified petitioning creditors.**

Ms. Hujazi claims that there were not enough qualified petitioning creditors to sustain the Order for Relief. She is wrong.

In the first place, only one qualified petitioning creditor was necessary. Ms. Hujazi waived the issue of an insufficient number of petitioning creditors by not raising it in her answer, and she stated that she had only six creditors whose claims were

---

[7] We reject Ms. Hujazi's unsupported argument that a claim for attorneys' fees cannot be assigned. Even if it is true that a client cannot assign his claims against an attorney for malpractice, it does not follow that an attorney cannot assign his claims against the client for unpaid fees.

18

not subject to a bona fide dispute.  She is bound by this waiver and judicial admission.  See Mason v. Integrity Ins. Co. (In re Mason), 709 F.2d 1313, 1318-19 (9th Cir. 1983) ("[the alleged debtor] waived his right to present this defense [of too few creditors] by failing to raise it in an answer to the petition.  The lack of the requisite number of petitioning creditors did not deprive the bankruptcy court of jurisdiction to enter a valid order for relief").  This means that only one petitioning creditor was required.

The Los Angeles Creditors were qualified petitioning creditors.  The bankruptcy court so held in its ruling on the motion to dismiss.  In her response to the Motion for Summary Judgment, this is all that Ms. Hujazi had to say about the Los Angeles Creditors:

> The actions of City of Los Angeles relating to the landlord and tenant issues are in various litigations currently ongoing in the court in Los Angeles which I have been in part following.  I believe that there have been rulings that some of their actions are unconstitutional.

This vague statement, which was not based on personal knowledge, is not sufficient to create "an objective basis for either a factual or a legal dispute as to the validity of the debt." In re Vortex Fishing Sys., Inc., 277 F.3d at 1064

Even if Ms. Hujazi were not bound by her admission that she had only six creditors, there were at least two other petitioning creditors whose claims were not the subject of a bona fide

19

dispute: Mr. Kim and Ms. McGuigan.[8]

The bankruptcy court held that Mr. Kim's judgment against Ms. Hujazi was not the subject of a bona fide dispute. Ms. Hujazi completely failed to offer any evidence contesting Mr. Kim's debt. There is no dispute that he was a qualified petitioner.

The bankruptcy court determined that Ms. McGuigan's claim was based on a judgment and not the subject of a bona fide dispute. In opposition to the Motion for Summary Judgment, Ms. Hujazi only stated that the judgment "was by default and I was not present. In fact, the work performed by Bianka McGuigan was not primarily for Monica Hujazi individually but other entities." But simply stating that a judgment was entered by default does not create a bona fide dispute; and even if Ms. McGuigan's work was not done "primarily" for Ms. Hujazi, Ms. Hujazi could be liable for a debt based on work done for other entities. The bankruptcy court correctly determined that Ms. McGuigan held a qualifying debt.

Accordingly, even if Ms. Hujazi had twelve or more creditors, there were at least three petitioning creditors with claims not the subject of a bona fide dispute.

**5. The Zuercher Trust case is a red herring.**

Ms. Hujazi makes a number of arguments based on the Zuercher Trust case. None of those arguments has any merit.

---

[8] The bankruptcy court held that Mr. Hyman and Mr. Grodsky were also qualified petitioning creditors. We need not consider those creditors because, even disregarding their claims, there are three qualified petitioning creditors.

She argues that the filing of the involuntary petition violated the automatic stay in the Zuercher Trust case. She relies on the fact that the involuntary petition against Ms. Hujazi identified the Zuercher Trust as a name under which Ms. Hujazi did business. She is wrong on several scores.

First, the premise of the argument – that the involuntary petition named the Zuercher Trust as a debtor – is false. The Original Petitioning Creditors included The Zuercher Trust of 1999 on the involuntary petition in the area designated for "ALL OTHER NAMES used by debtor in the last 8 years (Include married, maiden, and trade names.)." But only Ms. Hujazi is identified as a debtor.

Second, the Original Petitioning Creditors could not have added the Zuercher Trust as a debtor even if they wanted to. The Bankruptcy Code does not permit joint involuntary petitions against multiple debtors.[9]

Third, even if the Zuercher Trust were named as a debtor in the involuntary petition, and even if that violated the automatic stay in the Zuercher Trust case, that violation would not give Ms. Hujazi any rights. The automatic stay protects only the debtor, the debtor's property, and the property of the debtor's bankruptcy estate. § 362(a). It does not protect the debtor's owners, affiliates, or co-obligees. Chugach Timber Corp. v. N. Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.), 23 F.3d 241, 246 (9th Cir. 1994) (the automatic stay "protects

---

[9] The Code does permit joint voluntary petitions, but only when the joint debtors are spouses. § 302(a).

21

only the debtor, property of the debtor or property of the estate . . . [and] does not stay actions against guarantors, sureties, corporate affiliates, or other non-debtor parties liable on the debts of the debtor"). Therefore, even if the Zuercher Trust had been named in the involuntary petition, only the Zuercher Trust or its trustee would have a right to complain.[10]

Ms. Hujazi also contends that the petitioning creditors' claims are improper because they are almost identical to those in the earlier-filed Zuercher Trust case. She argues that summary judgment was not warranted because "being a duplicate was a **bona fide dispute** on its face since there cannot be two recoveries on the same alleged debt." This argument is nonsense. First, Ms. Hujazi seems to deny the possibility that two legal entities might be liable to one creditor on the same debt. Second, if her argument were correct, a creditor with a claim against multiple debtors could never file an involuntary bankruptcy petition against any of them, because its claims would always be the subject of a bona fide dispute. This would be an absurd result. Third, there is no evidence that any of the petitioning creditors have recovered, or are likely to recover, any monies in the Zuercher Trust case. The hypothetical possibility of a double recovery does not give rise to a bona fide dispute where there is no certainty that the creditor will make even a single recovery. Fourth, Ms. McGuigan's and Mr. Kim's claims were not duplicative of those in the Zuercher Trust case and were independently

_____

[10] We need not reach the question whether the bankruptcy court correctly applied the "home court" rule.

22

sufficient to satisfy §§ 303(b) and (h).

**6.    Ms. Hujazi was generally not paying her debts as they came due.**

Having determined that there was a sufficient number of qualified petitioning creditors, the bankruptcy court then found that Ms. Hujazi was generally not paying her debts as they came due. We discern no error.

The Ninth Circuit has "adopted a 'totality of the circumstances' test for determining whether a debtor is generally not paying its debts under 11 U.S.C. § 303(h)." In re Vortex Fishing Sys., Inc., 277 F.3d at 1072 (quoting Hayes v. Rewald (In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc.), 779 F.2d 471, 475 (9th Cir. 1985)). "A finding that a debtor is generally not paying its debts 'requires a more general showing of the debtor's financial condition and debt structure than merely establishing the existence of a few unpaid debts.'" Id. (quoting Semel v. Dill (In re Dill), 731 F.2d 629, 632 (9th Cir. 1984)).

The "totality of the circumstances test" is not a rigid, mathematic analysis: "The authority of the court is triggered and guided by the totality of the circumstances existing when the petition is filed. Congress intended to provide a flexibility which is not reducible to a simplistic formula." In re Bishop, Baldwin, Rewald, Dillingham & Wong, Inc., 779 F.2d at 475. "[I]t is not possible to lay down guidelines that fit all cases . . . . It is intended that the court consider both the number and amount [of debts] in determining whether the inability or failure is general." 2 Collier on Bankruptcy ¶ 303.31 (16th ed.) (internal

23

citations omitted).

Ms. Hujazi argues that the bankruptcy court erred because the Moving Creditors failed to establish her financial condition and debt structure. She cites <u>Vortex Fishing</u> for the proposition that the correct inquiry involves a "totality of the circumstances" test that requires a "general showing of the debtor's financial condition and debt structure."

The bankruptcy court explicitly stated that it was considering the totality of the circumstances and that it looked at the entirety of Ms. Hujazi's fiscal health, not just "a few unpaid debts." The court applied the correct legal standard.

Ms. Hujazi argues that the Moving Creditors failed to prove that she was not paying her debts as they became due. She distorts the facts and fails to address the bankruptcy court's factual findings.

She cites the court's order on the motion to dismiss and claims that the bankruptcy court "has already made a finding that disputed material facts existed as to the Petitioning Creditor attorneys, and therefore the motion for summary judgment should have been denied . . . ." This ignores the fact that the bankruptcy court had a much fuller record before it over two years later when it considered the Motion for Summary Judgment. It is absurd to say that, after a court decides a motion to dismiss, the court can never make a different decision on a motion for summary judgment based on a more extensive record.

Ms. Hujazi argues that the bankruptcy court erred in its factual findings as to Otto Miller, Bank of America, Ms. McGuigan, and Wells Fargo Bank. The bankruptcy court

24

carefully and exhaustively considered the claims of the fifteen alleged creditors. It determined that Ms. Hujazi was generally not paying the debts owed to ten of the creditors and explained its reasoning supporting each determination. The bankruptcy court did not err.[11]

**B.    The bankruptcy court properly denied the Motion for Reconsideration.**

Regarding a motion for reconsideration under Civil Rule 59, the Ninth Circuit has stated:

> Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.

Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted).

In her Motion for Reconsideration, Ms. Hujazi essentially restated the same arguments she made in response to the Motion for Summary Judgment. Repetition did not make those arguments any more correct or persuasive.

Accordingly, the bankruptcy court did not abuse its

---

[11] In his answering brief, Mr. Greenberg urges us to reverse the bankruptcy court's finding that the Moving Creditors had not met their burden to prove that the Lloyds of London debt was not the subject of a bona fide dispute. None of the Appellees cross-appealed on any alleged error, so this issue is not properly before us on appeal, and we will not consider it. See Ball v. Rodgers, 492 F.3d 1094, 1118 (9th Cir. 2007).

25

discretion in denying the Motion for Reconsideration.

**CONCLUSION**

The bankruptcy court did not err. Accordingly, we AFFIRM.