NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos. WW-19-1251-FSTa |
| | WW-19-1277-FSTa |
| SHELLEY ANN ERICKSON, | (Consolidated) |
| Debtor. | Bk. No. 2:19-bk-12026-TWD |
| SHELLEY ANN ERICKSON, | |
| Appellant, | |
| v. | MEMORANDUM* |
| JASON WILSON-AGUILAR, Chapter 13 Trustee, | |
| Appellee. | |

Submitted Without Argument on May 20, 2020

Filed – May 29, 2020

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Timothy W. Dore, Bankruptcy Judge, Presiding

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Appearances:     Appellant Shelley Ann Erickson, pro se, on the brief;
                 Appellee Jason Wilson-Aguilar, Chapter 13 Trustee, pro
                 se, on the brief.

Before: FARIS, SPRAKER, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Chapter 13[1] debtor Shelley Ann Erickson failed to make her mortgage payments for ten years and was facing foreclosure in state court. As a last-ditch effort to save her property, she filed for bankruptcy protection. The bankruptcy court denied plan confirmation and dismissed her case.

Ms. Erickson appeals, arguing that she did not have notice of the hearing on the motion to dismiss. She also argues that the state court foreclosure proceeding was flawed.

The record shows that Ms. Erickson had notice of the hearing and that cause existed to dismiss her case. Furthermore, the bankruptcy court was correct in refusing to review the state court's decisions. We AFFIRM.

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

2

**FACTUAL BACKGROUND**[2]

## A. The state court proceedings

Ms. Erickson and her husband own real property located in Auburn, Washington (the "Property") worth approximately $700,000. Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-4, Asset-Backed Certificates, Series 2006-04 ("Deutsche Bank"), holds a first-position lien against the Property to secure a debt of about $923,193.

Deutsche Bank sought to foreclose on its lien. At Ms. Erickson's request, the state court issued a temporary restraining order halting foreclosure. It declined to convert the temporary restraining order to a preliminary injunction, and it expired.

## B. Ms. Erickson's bankruptcy petition and proposed plan

Ms. Erickson filed a chapter 13 bankruptcy petition and scheduled Deutsche Bank's lien. She reported that she and her husband had a combined gross monthly income of $4,126.19 and monthly disposable income of $1,182.02.

Her initial chapter 13 plan ("Plan") proposed that she would pay $1,182.02 per month for the first three months while she attempted to

---

[2] We exercise our discretion to review the bankruptcy court's docket, as appropriate. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

modify the loan. Thereafter, the monthly plan payments would increase to $12,949.98, unless she could secure a loan modification and modify the Plan. Elsewhere in the Plan, she proposed to sell the Property if the loan modification was unsuccessful.

Deutsche Bank objected to plan confirmation. It argued that the Plan failed to meet the confirmation requirements in § 1325(a), primarily because Ms. Erickson could not afford the cure and maintenance payments totaling over $14,000 per month.

In response, Ms. Erickson filed an objection to Deutsche Bank's objection and an application for a Rule 2004 examination of Deutsche Bank. She took the position that she did not owe Deutsche Bank anything because it was a "fraudulent creditor."

Separately, chapter 13 trustee Jason Wilson-Aguilar ("Trustee") filed an objection to plan confirmation. He argued that the Plan was not feasible, most notably because Ms. Erickson lacked sufficient income and proposed paying significantly less than what she owed her creditors.

## C. The Trustee's motion to dismiss

The Trustee also filed a motion to dismiss Ms. Erickson's case ("Motion to Dismiss") under § 1307(c). He argued (among other things) that Ms. Erickson could not afford the monthly plan payments necessary to confirm her Plan and that she did not propose the Plan in good faith. He also argued that she probably could not obtain refinancing, given that the

4

mortgage arrears totaled nearly $600,000, or sell the Property, because Deutsche Bank's secured claim greatly exceeded the value of the Property.

The Motion to Dismiss was set for hearing on September 18, 2019. The Trustee served Ms. Erickson with a copy of the Motion to Dismiss and notice of hearing by U.S. mail.

**D.    Hearing on plan confirmation**

Ms. Erickson appeared at the hearing on plan confirmation on August 7, 2019. Ms. Erickson stated that she did not want to pursue confirmation of the existing Plan. The bankruptcy court agreed that the Plan as proposed was not confirmable, in part because there was no indication that she had the ability to make the minimum necessary plan payments. The court allowed Ms. Erickson to file an amended plan and said that it would hold a continued confirmation hearing on October 2.

When the court held the August 7 confirmation hearing, the Motion to Dismiss was on file and set for hearing on September 18. The parties did not discuss that hearing date, Ms. Erickson did not inquire about that hearing date, and the court did not change that date.

The bankruptcy court issued an order ("Order Denying Confirmation") denying confirmation of the Plan, allowing Ms. Erickson to file an amended plan, and continuing the hearing. It provided that "This order is without prejudice to the Trustee's Motion to Dismiss Case . . . which may be heard on the Court's September 18, 2019 calendar[.]"

5

Ms. Erickson filed an amended plan that decreased her monthly payment to $1,140. She asserted that she did not have any mortgage debt.

She also filed a document styled as an "Objection to Motion to Object to Objection Dismiss Confirmation" ("Omnibus Objection"). She stated that she was opposing the Motion to Dismiss and argued that she did not owe Deutsche Bank any money.

### E. Hearing on the Motion to Dismiss

The bankruptcy court held a hearing on the Trustee's Motion to Dismiss on September 18, 2019. Ms. Erickson did not appear.

The bankruptcy court found cause to dismiss her case under § 1307(c). It held that her income was insufficient to fund a confirmable plan. It further held that the amended plan was unconfirmable on its face and that there was prejudicial delay to her creditors. The court issued an order dismissing the case ("Dismissal Order").

### F. The motions to vacate

Ms. Erickson filed a "Motion for Appeal" and asserted that she "was not told about this hearing . . . . The hearing was set to be October 2, 2019." The following day, she filed a motion to vacate the Dismissal Order that repeated the same argument.

The bankruptcy court denied the motion to vacate. It stated that Ms. Erickson did not provide any legally sufficient reason to vacate the dismissal. It also rejected Ms. Erickson's argument that she did not have

notice of the September 18 hearing.

Ms. Erickson filed a notice of appeal from the Dismissal Order. She also filed a second motion to vacate, which the bankruptcy court denied. Ms. Erickson amended her notice of appeal to include the order denying the second motion to vacate.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in dismissing Ms. Erickson's bankruptcy case.

## STANDARDS OF REVIEW

We review for abuse of discretion the bankruptcy court's decision to dismiss a case. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1223 (9th Cir. 1999). Similarly, we review for abuse of discretion the court's ruling on a motion for reconsideration. *Determan v. Sandoval (In re Sandoval)*, 186 B.R. 490, 493 (9th Cir. BAP 1995).

To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, we consider whether the bankruptcy court's application of the legal standard was illogical, implausible, or without

support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262-63 & n.21 (9th Cir. 2009) (en banc).

Ms. Erickson argues that the bankruptcy court violated her due process rights because she did not have notice of the hearing on the Motion to Dismiss. We review this aspect of the decision de novo. *See HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 803 F.3d 477, 497 (9th Cir. 2015). "De novo review requires that we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014) (citations omitted).

## DISCUSSION

### A.    Ms. Erickson had proper notice of the hearing on the Motion to Dismiss.

Ms. Erickson argues that she was "tricked" and told that there was no hearing set for September 18, 2019, which caused her to miss the hearing. We reject her argument, because the record shows that she had proper notice of the hearing on the Motion to Dismiss.

Generally speaking, a court must give sufficient notice of its intention to dismiss a case and the opportunity for interested parties to be heard. *See Tennant v. Rojas (In re Tennant)*, 318 B.R. 860, 870 (9th Cir. BAP 2004) ("[T]he concept of procedural due process requires a notice and an opportunity to be heard." (citation omitted)). "The notice must be of such nature as

8

reasonably to convey the required information . . . and it must afford a reasonable time for those interested to make their appearance." *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950) (citations omitted).

Section 1307(c) provides that, "[o]n request of a party in interest or the United States trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . ." Section 102(1) defines the phrase "after notice and a hearing" to include "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances[,]" or even in some situations without any formal notice. Under this broad definition, "the concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." *In re Tennant*, 318 B.R. at 870 (citing *Great Pac. Money Markets, Inc. v. Krueger (In re Krueger)*, 88 B.R. 238, 241 (9th Cir. BAP 1988)).

Ms. Erickson argues that she did not know that the hearing on the Motion to Dismiss was scheduled for September 18, 2019. But the record shows that the Trustee sent Ms. Erickson a copy of the Motion to Dismiss and notice of hearing by U.S. mail. Ms. Erickson does not deny receiving the document. She also does not deny receiving a copy of the Order Denying Confirmation, which specifically stated that the hearing on the Motion to Dismiss was set for September 18.

Ms. Erickson contends that, at the hearing on plan confirmation, she

told the court that the Trustee had sent her a notice of hearing for September 18, but "Judge Dore looked down at this desk and then looked up at me and said there is no hearing set for 9,18,2019 [sic]."

Ms. Erickson's misrepresents the record. The hearing transcript does not contain any such exchange.[3] The September 18 hearing date simply did not come up at the hearing.

She also argues that the Order Denying Confirmation only indicated that the hearing on the Motion to Dismiss "may be" held on September 18. She claims that, because no one confirmed that date, she assumed there was no hearing scheduled for that day.

The phrase "may be heard" in the Order Denying Confirmation is unfortunate; it would have been better to use the words "will" or "shall" that appear elsewhere in the same order. But Ms. Erickson had previously received an unequivocal notice that the Motion to Dismiss would be heard on September 18, and there is nothing in the record that could reasonably have led Ms. Erickson to believe that the hearing was canceled or moved.

Even if the notice were less than perfect, it did not prejudice her,

---

[3] The only date Ms. Erickson discussed with the court was the deadline to file the amended plan; she thought the deadline was September 11 (the deadline to oppose the Motion to Dismiss). The court responded that it had not yet set any deadline for the amended plan and that she might have "a response to a different motion due September 11th." Ms. Erickson also wanted to argue a motion that she had just filed a few days prior, but the court informed her that the motion had not yet been noticed for hearing and was "just sitting on the docket."

because she has not given us any reason to think that the bankruptcy court would have reached a different result if she had appeared. *See Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776-77 (9th Cir. 2008). She has not addressed any of the bankruptcy court's reasons for dismissing her case or explained what she would have argued that would have averted dismissal.

**B.     The bankruptcy court properly found cause to dismiss Ms. Erickson's case.**

Ms. Erickson does not challenge any of the bankruptcy court's actual reasons for dismissing her case. We hold that it did not err.

Section 1307(c) allows the bankruptcy court to dismiss a case "for cause." "Cause" may include "unreasonable delay by the debtor that is prejudicial to creditors[,]" § 1307(c)(1), but it is not limited to the circumstances enumerated in the statute. "The decision to dismiss a chapter 13 case under § 1307(c) is a discretionary decision of the trial court." *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 339 (9th Cir. BAP 2015) (citation omitted).

The bankruptcy court explained that, with only $1,182 in monthly disposable income, Ms. Erickson simply did not have enough money to fund her Plan, even if Deutsche Bank's mortgage lien was extinguished. It concluded that cause to dismiss existed because: (1) she could not fund a plan under any circumstances; (2) her amended plan was unconfirmable on its face; and (3) there was unreasonable prejudicial delay to creditors.

11

Ms. Erickson fails to address any of these holdings, and we discern no abuse of discretion.

Instead, Ms. Erickson argues on appeal that she should have been given another chance to amend her plan. However, the bankruptcy court considered her amended plan (which actually decreased her monthly plan payments) and stated that it was facially unconfirmable. She had two chances to propose a confirmable plan but squandered those opportunities.

Ms. Erickson also argues that the bankruptcy court should have stayed all proceedings "until RCW 2.44.030 was invoked."[4] Presumably, she is arguing that the attorneys representing Deutsche Bank did not have authority to prosecute the foreclosure action against her.

This argument is meritless. Even assuming that the state statute applies, it was the Trustee, not Deutsche Bank, who moved to dismiss, and the Trustee unquestionably had the authority to do so. Ms. Erickson argues on appeal that the Trustee lacked standing to appear on behalf of Deutsche Bank, but the Trustee represents the estate generally and does not represent Deutsche Bank or any other creditor.

---

[4] Revised Code of Washington § 2.44.030 provides that the court may "require the attorney for the adverse party . . . to produce or prove the authority under which he or she appears, and until he or she does so, may stay all proceedings by him or her on behalf of the party for whom he or she assumes to appear."

**C.    The bankruptcy court properly declined to review the state court's decisions.**

Most of Ms. Erickson's arguments focus on the state court's rulings regarding Deutsche Bank's foreclosure. The bankruptcy court was correct in refusing to consider Ms. Erickson's arguments, and we similarly will not entertain any challenges to the state court's decisions.

Essentially, Ms. Erickson wanted the bankruptcy court to review the state court's rulings. But under the *Rooker-Feldman* doctrine, "[i]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). It is well established that "federal district courts are courts of original, not appellate, jurisdiction. Thus, it follows that federal district courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *Gruntz v. Cty. of L.A. (In re Gruntz)*, 202 F.3d 1074, 1078 (9th Cir. 2000) (citations omitted).

Ms. Erickson raises a host of reasons why she feels she was wronged in state court. We will not consider any of these arguments. The federal bankruptcy court generally lacks power to review state court decisions. If Ms. Erickson wants to reverse the state court's decisions, she must seek recourse in the state appellate courts, not the bankruptcy court.

**D.    The bankruptcy court did not abuse its discretion in denying the motions to vacate.**

Ms. Erickson twice sought to vacate the Dismissal Order but failed to raise any grounds showing that the bankruptcy court was wrong. The bankruptcy court properly denied both motions.

We examine Ms. Erickson's arguments under Civil Rule 59, made applicable in bankruptcy cases by Rule 9023. *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). The Ninth Circuit has stated that, "[u]nder [Civil] Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted).

Ms. Erickson argued that she did not have notice of the hearing on the Motion to Dismiss and that she filed an opposition to that motion. However, the bankruptcy court properly held that she had notice of the hearing and considered all of her filings, including the Omnibus Objection. It did not abuse its discretion in denying both motions to vacate.

## CONCLUSION

The bankruptcy court did not err in dismissing Ms. Erickson's bankruptcy case. We AFFIRM.